No. 45,445

MARGARET A. WASHBURN, *Appellee and Cross-Appellant* v. HOWARD WASHBURN, *Appellant and Cross-Appellee.*

(460 P. 2d 503)

Opinion filed November 8, 1969.

*Robert L. Boyce, Jr.,* of Kansas City, argued the cause and was on the brief for the appellant and cross-appellee.

*John H. Fields,* of Kansas City, argued the cause and was on the brief for the appellee and cross-appellant.

The opinion of the court was delivered by

HATCHER, C.: This appeal stems from a controversy over the meaning of the language used in a settlement agreement in anticipation of a divorce.

We are interested in but two paragraphs of the agreement as follows:

"2. That defendant shall pay to the plaintiff the sum of $250.00 per month as and for the support of the two minor children.

"3. That plaintiff shall have an alimony judgment against the defendant in the sum of $97,200.00, payable at the rate of $450 per month, commencing in April, 1964 and payable through April of 1982, or a total of 18 years. That *any balance due* on this alimony judgment shall be satisfied and shown to be paid in full in the event of (1) plaintiff's remarriage, (2) plaintiff's death; but not otherwise. . . ." (Emphasis supplied.)

A divorce was granted to Margaret A. Washburn on her petition as of June 23, 1964. Although the settlement agreement was not incorporated in the judgment as such the same language was used.

The plaintiff remarried June 24, 1967. On February 28, 1968, plaintiff filed a motion in the district court for an order determining the exact amount of delinquent alimony and support presently due. On this motion the trial court found:

"The Court specifically rules on the contention of the defendant that the stipulation and agreement provided for the elimination of all past-due support upon the remarriage of the plaintiff and in that connection the court finds that

the stipulation and agreement should be interpreted to mean that all alimony subsequent to the remarriage is forgiven.

"The Court further finds that this is the reasonable interpretation of the agreement and was the intent of the parties as to the meaning of the agreement at the time the agreement was entered into."

The trial court found that there was as of the 8th day of March, 1968, the sum of $8,014.00 due from the defendant to the plaintiff, and that of this sum $750.00 was past-due child support and $7,264.00 was the balance of the delinquent and past-due alimony as of the date of the remarriage of the plaintiff on June 24, 1967.

The defendant has appealed. He makes but one contention here which reads:

"The [trial] court erred in interpreting the provision of the property settlement agreement of April 20, 1964, that any balance due on alimony at the remarriage of appellee would be satisfied and paid in full, applied solely to instalments falling due after such remarriage."

The plaintiff has filed a cross-appeal but concedes that if the judgment is sustained the cross-appeal becomes immaterial. It will not receive further attention.

We find no merit in the defendant's, appellant's, contention. In the construction of a settlement agreement, the primary rule of construction is that, if possible, the court must ascertain and give effect to the mutual intention of the parties as of the time the contract was made. (*In re Estate of Hill*, 162 Kan. 385, 176 P. 2d 515.) It was said in *United States v. Reis*, 214 F. 2d 327, 329:

"The word 'due' is a word of more than one meaning. It may mean that which is immediately payable, or it may mean a simple indebtedness without reference to time of payment, in which latter sense it is synonymous with 'owing', and includes all debts whether payable in praesenti or futuro. . . ."

The appellant in oral argument admitted that at the time the agreement was entered into neither party anticipated or had in mind a default in the payments as agreed. Therefore, they must have intended the phrase "any balance due" to mean future payments, not payments which were past due and in default at the time of remarriage.

A careful examination of the record discloses nothing that would cause this court to disagree with the findings and conclusions of the trial court.

The judgment is affirmed.

APPROVED BY THE COURT.