No. 46,374

MARGARET A. WASHBURN, *Appellant,* v. JERRY L. ANDREW, *Garnishee-Appellee,* and HOWARD WASHBURN, *Defendant.*

(496 P. 2d 1367)

Opinion filed May 6, 1972.

*John H. Fields,* of Carson, Mahoney and Fields, of Kansas City, argued the cause, and *Charles D. Kugler,* of the same firm, was with him on the brief for the appellant.

*Edward H. Powers,* of Kansas City, argued the cause and was on the brief for the garnishee-appellee.

The opinion of the court was delivered by

FROMME, J.: This is a garnishment proceeding brought to recover on a prior judgment for alimony and child support in the amount of $8,014. The prior judgment was affirmed by this court in *Washburn v. Washburn,* 204 Kan. 160, 460 P. 2d 503.

A previous attempt to collect this judgment by a sale of property on execution resulted in contested litigation which has reached this court and is this day decided. The opinion in that appeal is titled and appears as *Jackson & Scherer, Inc. v. Washburn,* 209 Kan. 321, 496 P. 2d 1358. The present garnishment proceeding is a sequel to that case and we suggest the factual background of that case be kept in mind. The property sought to be sold to satisfy the judgment in that case is the same property which gave rise to the credits or indebtedness sought to be reached by garnishment in this case. The property consists of a residential property at 1718 North 79th Street in Kansas City, Kansas. An equity was

acquired in the property by Howard Washburn, the judgment debtor in the divorce action.

The holder of legal title to the property was Jackson & Scherer, Inc. The Brotherhood State Bank of Kansas City, Kansas, held a first mortgage on the property. The money was used for construction purposes. Jackson & Scherer, Inc. had granted to Howard Washburn, the judgment debtor, an option to purchase the property. Substantial payments on the contract price had been made by Washburn under the option contract. This particular form of contract (Form 319A "Option Agreement — Flat Payment") is no stranger to this court. See *Letzig v. Rupert, Executor,* 209 Kan. 143, 495 P. 2d 955, and cases cited therein. When a substantial portion of the contracted amount has been paid under this particular form of option contract the party to whom the option was given acquires an equitable interest in the property. (*Stevens v. McDowell,* 151 Kan. 316, 98 P. 2d 410.)

Before the present garnishment proceeding was initiated a sale of this property, including the equitable interest of Howard Washburn, was negotiated by Jackson & Scherer, Inc. The sale was evidenced by a written contract between Howard Washburn and Jerry L. Andrew whereby Andrew agreed to purchase the property. Washburn was designated in and signed the contract as the seller. The purchaser Andrew agreed to pay the seller the difference in cash between the sale price ($54,000) and an outstanding mortgage ($41,300) upon proof of merchantable title and delivery of a warranty deed. The contract was dated January 27, 1970.

The garnishment order served on Jerry L. Andrew sought to reach any amount due Howard Washburn under this contract. The order was served on February 25, 1970. The garnishee Andrew filed an answer on March 4, 1970, alleging no indebtedness was due to Washburn. In reply the judgment creditor, Margaret A. (Washburn) Castagna, filed and served upon the garnishee a notice as follows:

"Please take notice that the plaintiff in the above entitled action elects to take issue on your answer as garnishee herein to the garnishment summons, and will maintain you to be liable as garnishee."

Such a notice was provided for under our former statute, G. S. 1949, 60-948, but that statute has been repealed. The statute in effect when the present garnishment proceeding was initiated was

K. S. A. 1969 Supp. 60-718. The latter statute provides that a reply should be filed "controverting any statement in the answer." However, we do not deem the failure to follow the latter statute determinative in this case. The case was set for trial to the court. On the day appointed the court took judicial notice of the proceedings and the judgment entered in the case of *Jackson & Scherer, Inc. v. Washburn,* supra. After listening to the arguments of counsel the trial court held in favor of the garnishee.

The primary question raised by this appeal is whether the garnishment order served on Andrew reached the funds under the contract of purchase which were to be paid to Howard Washburn for his equity in the property.

Appellant's argument is based upon the premise that an unmatured and contingent liability is subject to garnishment under our present Kansas law. There can be little doubt that under prior law the premise was sound. See *Lewis v. Barnett,* 139 Kan. 821, 825, 33 P. 2d 331, 93 A. L. R. 1082; *Anderson v. Dugger,* 130 Kan. 153, 285 Pac. 546; and *Winterscheidt v. Wilson,* 110 Kan. 649, 205 Pac. 600. Statutes in effect when those cases were decided provided that a garnishee was liable to the plaintiff "to the amount . . . of all debts *due or to become due* to the defendant, except such as may be by law exempt from execution." (See R. S. 1923 and G. S. 1949, 60-954.) R. S. 1923, 60-946 (*First*), which later became G. S. 1949, 60-946, required a garnishee to answer "whether he was . . . indebted or under liability to the defendant named in the notice in any manner . . . specifying, if indebted, . . . when payable, whether an absolute or contingent liability. . . ." R. S. 1923, 60-955, which later became G. S. 1949, 60-955, provided that "judgment may be given for any money or other thing owing, although it has not become payable, in which case the garnishee shall not be required to pay or deliver it before the time appointed by the contract." (See the last paragraph of said statute.) These statutes supported the holding in those cases which held an unmatured and contingent liability was subject to garnishment.

However, on January 1, 1964, when the present Code of Civil Procedure went into effect, marked statutory changes appeared in our garnishment laws. K. S. A. 60-717 (*c*) later amended as K. S. A. 1969 Supp. 60-717 (*c*) in relevant part provides:

"The order of garnishment shall have the effect of attaching (1) . . . all credits and indebtedness *due* from the garnishee to the defendant *at the time*

*of service of the order, and* (2) . . . all credits and indebtedness *becoming due* to the defendant *between the time of the serving of the order of garnishment and the time of the filing of the answer* of the garnishee." (Emphasis added.)

Under the above statute any indebtedness becoming due after the time of filing the answer of the garnishee, by negative implication at least, is not to be reached by the order of garnishment.

Significantly the requirement of the former statute, 60-946, that the garnishee specify indebtedness whether absolute or contingent, was deleted from K. S. A. 60-717 (*a*) and K. S. A. 1969 Supp. 60-717 (*a*). Equally notable is the fact that the provision which protected the garnishee from being required to pay unmatured amounts under a contract before they came due (G. S. 1961 Supp. 60-955) was entirely deleted when the present statute (K. S. A. 60-724) was enacted. Likewise the provision in G. S. 1949, 60-954, which held the garnishee liable for all debts due or to become due to the defendant was deleted.

Considering the foregoing changes in the law it appears clear to us that under the present Code of Civil Procedure an order of garnishment will not reach credits or indebtedness which remain unmatured and contingent when the garnishee's answer is filed. The effect of an order of garnishment is to attach those credits and indebtedness due from the garnishee to the defendant at the time of service of the order and those becoming due between the time of serving the order of garnishment and the time of filing the answer of the garnishee. (K. S. A. 60-717 [*c*] as amended.)

Let us now consider the question which naturally follows. Did any credits or payments under the contract negotiated by Jackson & Scherer, Inc. become due and unpaid between February 25, (when the garnishment order was served), and March 4, 1970 (when the garnishee's answer was filed)? We think not.

During the critical period from February 25 to March 4, 1970, the property which was the subject matter of the contract was in litigation as indicated by *Jackson & Scherer, Inc. v. Washburn,* supra. During this period the judgment creditor, Margaret A. (Washburn) Castagna was attacking the validity of the Washburn-Andrew contract and was seeking to obtain a public sale of the property on execution. If she had been successful in that litigation, the Washburn-Andrew contract would have been nullified. There-

fore, the seller, Howard Washburn, was not at that time capable of showing merchantable title. Until merchantable title was available and a warranty deed could be delivered no further credits or payments were due under the contract. It was well over a month after the filing of the answer of the garnishee that the district court's decision in *Jackson & Scherer, Inc. v. Washburn,* supra, was filed and shortly thereafter the funds were paid into court pursuant to judgment in that case. It would appear that the judgment in favor of the garnishee was proper.

Two other matters argued by appellant deserve comment. It is contended that the trial court failed to provide a proper hearing on the "Election to Take Issue on Answer of Garnishee" filed by appellant. The statute, K. S. A. 60-718, provides if a *reply* is filed the court shall try the issue joined. The case was set for trial to the court and during presentation counsel for appellant acknowledged that the court could take judicial notice of the files and records in the prior case which was pending in another division of that court. The record before us fails to indicate what evidence appellant desired to offer at the hearing. None appears to have been rejected, and in view of the files and records in the prior case it is difficult to speculate on what available evidence could have changed the ultimate decision of the court in this garnishment proceeding. In view of the record on appeal it appears the trial court was justified in entering the judgment.

When a trial court has given a party the benefit of all reasonable inferences which may be drawn in his favor from the evidence and the pleadings, the court has inherent power to summarily dispose of the litigation on its own motion when there remains no genuine issue as to any material fact and a judgment must be for one of the parties as a matter of law. (*Hutchinson Nat'l Bank & Trust Co. v. N. F. English Construction Co. Inc.,* 206 Kan. 661, Syl. ¶ 1, 482 P. 2d 35.)

Appellant makes some further inquiry as to the propriety of the trial court's decision, claiming the decision was conditioned upon the outcome of the prior case which concerned collateral issues and in which the garnishee defendant, Andrew, was not a party. As we view the record in this case the decision was not conditioned upon the outcome of the prior case. It was entirely proper to take judicial notice of the files of that case in order to determine whether title

to the property was merchantable and whether any payment was due under the contract to the judgment-debtor, Washburn. A failure to take cognizance of a pending case in another division of the same court, which case had an identical purpose, that of collecting on a judgment from the sale of the same property, might well have resulted in conflicting decisions. We believe the trial court's decision in this case logically follows when you consider the pendency of that action and the final decision in the *Jackson & Scherer* case.

Accordingly the judgment is affirmed.