(573 P.2d 1115)
No. 48,830

FRED R. KITTLE and EULA M. KITTLE, *Appellants,* v. JOHN J. OWEN, RITA S. OWEN, RICHARD W. WOOD and RICHARD WOOD INVESTMENT COMPANY, *Appellees.*

Opinion filed December 23, 1977.

*Gwinn G. Shell,* of Garnett, for the appellants.

*Charles F. Forsyth* of Fleming & Forsyth, of Erie, for the appellees John J. Owen and Rita S. Owen.

*R. L. White* and *Leigh C. Hudson,* of Pittsburg, for the appellees Richard W. Wood and Richard Wood Investment Company.

Before REES, P.J., PARKS and SWINEHART, JJ.

SWINEHART, J.: The appellants appeal an adverse ruling at the trial level. They had sued for damages for breach of a real estate contract. They had also asked that the broker be denied recovery of his fee.

The matter was tried in the district court on November 8, 1976. The journal entry of judgment was filed on December 30, 1976. Two days before the journal entry was filed, on December 28, the appellants filed a motion for a new trial. That motion was denied by the trial court in a journal entry dated January 5, 1977. The notice of appeal was received and filed by the clerk of the district court on February 7, 1977, thirty-three days after the journal entry denying appellants' motion for a new trial was filed.

When an appeal is not filed in strict compliance with the procedure established by statute, this court has no jurisdiction and the appeal must be dismissed. K.S.A. 1976 Supp. 20-3001. The statute creating the court of appeals provides in pertinent part: "[t]he court of appeals shall have such jurisdiction over appeals in civil and criminal cases and from administrative bodies and officers of the state as may be prescribed by law. . . ."

K.S.A. 60-2103(*a*) directs that notice of appeal must be filed

with the clerk of the district court within thirty days from the entry of judgment, as provided by K.S.A. 60-258. K.S.A. 60-258 provides that the date the journal entry of judgment or judgment form is filed is the effective date of that judgment. The order denying the appellants' motion for a new trial was filed January 5, 1977. The statutory period for filing the notice of appeal was thirty days from that date. K.S.A. 60-206(a), made applicable to appellate procedure by Supreme Court Rule 1.05, K.S.A. 60-2701a, provides that the computation of time periods shall begin with the day following the act or event marking the beginning of the time period. Counting from and including January 6, the thirtieth day fell on February 4. The notice of appeal, filed on February 7, was filed out of time. Therefore, this court has no jurisdiction and the appeal must be dismissed.

There are two exceptions to the rule that the notice of appeal must have been filed with the clerk of the district court within thirty days of entry of judgment. K.S.A. 60-205(e) permits the judge of the district court to accept pleadings and other papers, note the filing date on them, and then promptly transmit them to the clerk. The second exception is that when the final day of a time period falls on a Saturday, a Sunday or a legal holiday, the period is automatically extended to the next working day (K.S.A. 60-206[a]).

The appellants are not within either exception. Their notice of appeal was placed in the United States mail on February 4, the final day for filing. Neither the judge nor the clerk was in receipt of the notice on that day. February 4 was a Friday and was not a legal holiday, so the appellants are not entitled to an extension pursuant to K.S.A. 60-206. The appellants argue that mailing the document on the final day satisfies the statute. K.S.A. 60-206(e) is enlightening because of its negative implication. It provides an automatic three day extension to any party who receives a notice or paper by mail. Since the legislature specifically provided an extension for the *recipient* of mail but made no similar provisions for the *sender* of mail, the implication is clear: it intended none.

The appeal is dismissed.