No. 53,233

CAPITAL SERVICES, INC., *Appellant*, v. DAHLINGER PONTIAC-CADILLAC, INC., *Defendant*, and KANSAS STATE BANK AND TRUST Co., *Appellee*.

(657 P.2d 36)

Opinion filed January 14, 1983.

*James A. Walker*, of Martin, Pringle, Fair, Davis & Oliver, of Wichita, argued the cause and was on the brief for the appellant.

*John R. Morse*, of Fleeson, Gooing, Coulson & Kitch, of Wichita, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

WILLIAM D. CLEMENT, District Judge, Assigned: Legal action was first taken in this matter on August 23, 1976, when Capital Services, Inc. (plaintiff-appellant) filed a petition against Dahlinger Pontiac-Cadillac, Inc. (defendant), for breach of two lease agreements. Plaintiff was granted judgment in the amount of $18,603.00 plus interest and costs. Plaintiff thereafter had two orders of garnishment served on the Kansas State Bank & Trust Co. (garnishee-appellee), the second order being served on August 4, 1977. The answer of the garnishee, dated August 4, 1977, indicated the defendant's two accounts had a net overdraft of $20,032.33. The answer was allegedly mailed to the Clerk of the District Court on August 4, 1977, but was not received by the clerk until August 19, 1977. Plaintiff, in the reply to the garnishee's answer, took exception because the answer did not disclose whether garnishee held any property or debts owed to

the defendant as of the time of filing of the answer. The plaintiff sought to have garnishee produce records from August 4, to August 19, of the defendant's accounts. The trial court found the answer was timely filed, and the delay in filing was due to no fault of the garnishee, and the motion of the plaintiff to compel production of documents was denied. The garnishment action was involuntarily dismissed on April 29, 1981. Supposed additional deposits in the payroll account between August 4 and August 19 totaled $14,095.66. The Court of Appeals reversed the trial court, in an unpublished opinion, and the case is before this court on a Petition for Review.

The focus of our attention is on the responsibility of garnishees for a debtor's funds coming into their possession from the time an answer is mailed until the time it is received and filed by the Clerk of the District Court.

K.S.A. 60-718(*a*) contains an answer form that may be used by a garnishee. The answer of the garnishee is sufficient if substantially in the form provided by the statute:

"ANSWER OF GARNISHEE

State of Kansas )
                )  ss
County of _____ )

_____ being first duly sworn, say that on the ___ day of _____, 19___, I was served with an order of garnishment in the above entitled action, that I have not delivered to the defendant _____, any money, personal property, goods, chattels, stocks, rights, credits nor evidence of indebtedness belonging to him or her, other than earnings, since receiving said order of garnishment, and that the following is a true and correct statement:

"(1) (Money or indebtedness due) I hold money or am indebted to said defendant, other than for earnings due and owing defendant, *as of the date of this answer,* in the following manner and amounts,  . . . .

"(2) (Personal property in possession) I have possession of personal property, goods, chattels, stocks, rights, credits, or effects of said defendant, *as of the date of this answer,* described and having an estimated value as follows,  . . . ." Emphasis supplied.

The words "as of the date of this answer" are correct as they pertain to the answer but may be misleading as to other responsibilities. From looking at the answer form, a garnishee could be led to believe its legal responsibility for a debtor's property coming into its possession ends with the property reported on the answer form. However, the overall statutory garnishment scheme does not justify this belief.

The instructions to the garnishee in K.S.A. 60-718(*a*) state: "Your answer must be filed with the clerk of the above-named court within the time prescribed in the order of garnishment." The garnishee has the responsibility to file an answer. The word "file" contemplates the deposit of a writing with the proper official. *City of Overland Park v. Nikias*, 209 Kan. 643, 647, 498 P.2d 56 (1972). See *Kittle v. Owen*, 1 Kan. App. 2d 748, 573 P.2d 1115 (1977).

The order of garnishment form in K.S.A. 60-717(*a*) requires a garnishee to report indebtedness to the debtor to the Clerk of the District Court up until the time the garnishee files an answer:

"You are hereby ordered as a garnishee to file with the clerk of the above named court, within twenty (20) days after service of this order upon you, your answer under oath stating *whether you are at the time of the service of this order upon you, and also whether at any time thereafter but before you file your answer, indebted to the defendant, . . . .*" Emphasis supplied.

Another part of the statutory design is K.S.A. 60-717(*c*), which enumerates what the order of garnishment attaches:

"(*c*) *Effect*. An order of garnishment issued for the purpose of attaching any property, funds, credits or other indebtedness belonging to or owing the defendant, other than earnings, shall have the effect of attaching . . . (2) *all such property coming into the possession or control of the garnishee and belonging to the defendant, and all such credits and indebtedness becoming due to the defendant between the time of the serving of the order of garnishment and the time of the filing of the answer of the garnishee.*" Emphasis supplied.

The time of paramount significance is when the answer is filed by the garnishee. *Washburn v. Andrew*, 209 Kan. 436, 496 P.2d 1367 (1972).

The Kansas Judicial Council Advisory Committee commented in drafting the garnishment statutes:

"Subsection (*c*) fixes a definite time as to the effectiveness of the garnishment order, and attaches all property or credits up to the time the answer is filed." Kansas Judicial Council Bulletin, p. 14 (April 1962).

An order of garnishment attaches defendant's property in the possession or control of the garnishee at the time the order is served and also any of defendant's property coming into garnishee's possession and control until the answer is filed. However, the answer form can only be completed with the information the garnishee has at preparation time. This conclusion was also reached by the Court of Appeals.

If mailing a garnishment answer was all that was required of a garnishee, the date the answer was mailed would be vital, and the ascertainment of that date could be difficult. If the answer is lost in the mail, the sole evidence as to the date of the mailing would be the testimony of the garnishee. Not only would that put into doubt what property was attached, but the garnishee could face liability for failure to answer, pursuant to K.S.A. 60-718(c). The garnishee will benefit by the certainty of the filing date. See 1 Gard's Kansas C. Civ. Proc. 2d Annot. § 60-718, Comments (1979).

The answer form in K.S.A. 60-718(a) is misleading. A warning added to the answer form that an order of garnishment attaches defendant's property in the possession or control of the garnishee at the time the order is served and also any of defendant's property coming into garnishee's possession and control until the answer is filed would clarify the duties of the garnishee.

Garnishee-appellee contends the garnishment statutes are unconstitutionally vague. Due process requires that a statute which requires or forbids the doing of an act and subjects persons to penalties for failure to comply with the statute, must not be so vague that persons of common intelligence must necessarily guess at its meaning and application. *Lines v. City of Topeka,* 223 Kan. 772, 776, 577 P.2d 42 (1978). A statute will not be considered vague if it employs words previously judicially defined, 223 Kan. 772, and the word "filed" has been judicially defined. *City of Overland Park v. Nikias,* 209 Kan. at 647. Statutes in pari materia should be read together and harmonized, if possible, to the end that all may be given force and effect. *City of Overland Park v. Nikias,* 209 Kan. 643, Syl. ¶ 1. The garnishment statutes read together are not unconstitutionally vague.

Although the garnishment statutes referred to in this opinion have been amended, those amendments would not affect the result in this case. The trial court did not allow Capital Services' pretrial discovery relating to the period from completion of the answer form to its filing. The trial court's dismissal is reversed and the case is remanded for discovery. The Court of Appeals' opinion is affirmed.

MILLER, J., dissenting:
I agree with the majority that the answer form prescribed by

K.S.A. 60-718(*a*), and now amended by 1982 Session Laws of Kansas, Chapter 247 § 2, is misleading. The effect of that form is to lay a trap for the unwary.

K.S.A. 60-717 prescribes the forms for an order of garnishment. It informs the garnishee that "[y]our answer on the form served herewith shall constitute substantial compliance with this order."

The answer form requires the garnishee to declare under oath that "(1) I hold money or am indebted to the defendant . . . as of the date of this answer, in the following manner and amounts, to wit:_____." The answer concludes with the statement that "I will hold the above described moneys . . . in my possession until the further order of the court."

Such answer is declared by the legislature as being in *substantial compliance* with the garnishment order. The garnishee is thus lulled into a false sense of security: If the garnishee answers truthfully, and holds the money in its hands *as of the date of the answer*, it is doing what the court expects it to do. Not so, according to the majority opinion. The garnishee may also be liable for any funds coming into its hands between the date the answer is executed and the minute the clerk of the district court stamps the answer "Filed."

If the garnishor wishes to attach such funds, I would *require* the answer form submitted to the garnishee to convey a warning in the following or similar language:

"(1) I hold money or am indebted to the defendant . . . as of the date of this answer, in the following manner and amounts: $_____ and I will hold this sum, *together with all additional funds of the defendant coming into my hands up until this answer is filed with the clerk of the district court,* until the further order of the court."

The garnishment statutes are conflicting. The garnishee should not be penalized or subjected to liability because its duty is not spelled out clearly in the statutes, or in the documents served upon it. The trial court's order is fair and just. The garnishee *substantially complied* with the order of garnishment. It should therefore be discharged.

I respectfully suggest that the order of the learned trial judge should be affirmed.

HOLMES, J., joins in the dissent.