(731 P.2d 1283)
No. 59,090

DAVID THOMAS, *Appellant*, v. DAVIS-MOORE DATSUN, INC.,
*Appellee.*

Opinion filed
January 29, 1987.

*Charles H. Apt, III*, of Glaves, Evans, Hoke & Apt, of Wichita, for appellant.

*Everett C. Fettis*, of Fettis and McClure, of Wichita, for appellee.

Before REES, P.J., PARKS and MEYER, JJ.

MEYER, J.: On September 21,. 1982, David Thomas filed suit against Davis-Moore Datsun, Inc., (Davis-Moore) and Nissan Motor Corporation (Nissan), alleging violations of the Kansas Consumer Protection Act, breach of the implied warranty of merchantability, and fraud in connection with Thomas' purchase of an automobile from Davis-Moore.

The district court awarded plaintiff damages and attorney fees and ruled that the award "be borne equally by the defendants." Nissan appealed the judgment, and a panel of this court reversed the trial judge's determination that Nissan was liable to Thomas under the KCPA. The mandate was filed with the Clerk of the Sedgwick County District Court on April 30, 1985.

On December 21, 1983, while Nissan's appeal was pending, Thomas filed a Partial Satisfaction of Judgment with the Clerk of the Sedgwick County District Court. According to the document, Davis-Moore had partially satisfied its obligation to Thomas. The document stated, "The only obligation that remains unsatisfied at this time is for further damages that may become the obligation of Davis-Moore due to the appeal of a portion of the judgment by the defendant Nissan Motor Corporation."

On May 9, 1985, Thomas filed a motion for an order nunc pro tunc, attempting to correct the July 19, 1983, journal entry to reflect the defendants' joint and several liability for the judg-

ment. In reply, Davis-Moore alleged that it withdrew from the Nissan appeal because it believed that its liability was limited to the amount reflected in the July 19, 1983, journal entry. The district court denied Thomas' motion by letter decision July 25, 1985, and Thomas appeals.

Before we reach the merits of Thomas' appeal, we must first determine if this court has jurisdiction to hear it.

On some unspecified day within ten days following the filing of the July 25, 1985, journal entry, Thomas made an oral motion for reconsideration.

Thomas contends, and Davis-Moore apparently agrees, that this oral motion for reconsideration was made. Thomas further contends that, since the motion for reconsideration was denied December 17, 1985, and the notice of appeal was filed January 3, 1986, this court has jurisdiction over the instant appeal. We disagree.

K.S.A. 60-2103(a) provides in part:

"When an appeal is permitted by law from a district court to an appellate court, the time within which an appeal may be taken shall be thirty (30) days from the entry of the judgment . . . . The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subsection commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: Granting or denying a motion for judgment under subsection (b) of K.S.A. 60-250; or granting or denying a motion under subsection (b) of K.S.A. 60-252 to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; or granting or denying a motion under K.S.A. 60-259 to alter or amend the judgment; or denying a motion for new trial under K.S.A. 60-259."

This court has ruled that, "A motion to reconsider is in substance, if not form, a motion to alter or amend under K.S.A. 60-259(f) and stays the time for appeal until ruled on by the court." *Caplinger v. Carter*, 9 Kan. App. 2d 287, Syl. ¶ 1, 676 P.2d 1300, *rev. denied* 235 Kan. 1041 (1984).

K.S.A. 60-2103(a) does not specifically state that a post-trial motion which tolls the time for appeal must be in writing; rather, the statute refers to a "timely motion made pursuant to any of the rules hereinafter enumerated."

However, a review of the statutory provisions set out above indicates that, as a general rule, written post-trial motions are

contemplated. Briefly, K.S.A. 60-250(b) and K.S.A. 60-252(b) require that a party merely make a motion. In turn, K.S.A. 60-207 requires written motions unless the motion is made during a hearing or trial. K.S.A. 60-259(b) and (f) require that the respective motions be served. In addition, a motion pursuant to K.S.A. 60-259(f) must be filed. The language in K.S.A. 60-205 discussing "service" and "filing" implies a written motion. For instance, it seems improbable that one could serve an oral motion by hand delivery, mail, or depositing the motion with the clerk of the court unless perhaps the oral motion was tape recorded. Finally, the statutory provisions concerning "filing" specifically refer to papers. K.S.A. 60-205(d) and (e). See also *City of Overland Park v. Nikias*, 209 Kan. 643, 647, 498 P.2d 56 (1972) ("The word 'file' contemplates the deposit of a writing with the proper official.").

Statutory construction aside, there are other reasons for requiring that a post-trial motion be in writing. The absence of a written motion filed pursuant to either K.S.A. 60-205(d) or (e) leaves this court without the ability to make an independent determination when the motion for reconsideration was made. Rather, this court is forced to rely on the trial court's finding that the oral motion was timely. Since the timeliness of the motion for reconsideration is pivotal to the timeliness of the instant appeal, mere acceptance of the trial court's finding is questionable in light of this court's duty to raise the question of jurisdiction on its own motion. *Dinkel v. Graves Truck Line, Inc.*, 10 Kan. App. 2d 604, Syl. ¶ 1, 706 P.2d 470 (1985).

We hold that a post-trial motion to alter or amend a judgment must be in writing. If the motion is not written, it is not effective to toll the time for appeal pursuant to K.S.A. 60-2103(a). Accordingly, Thomas' oral motion for reconsideration was ineffective to toll the time for appeal. The record indicates that the journal entry denying the motion for an order nunc pro tunc was filed July 25, 1985, and that the notice of appeal was filed on January 3, 1986. As a result, this court is without jurisdiction to hear an appeal from the July 25, 1985, order. See generally *Kittle v. Owen*, 1 Kan. App. 2d 748, 573 P.2d 1115 (1977).

Appeal dismissed.

REES, J., concurring: While I agree with the majority's decision to dismiss this appeal, I choose to separately state my view.

This case originated against Davis-Moore Datsun, Inc., a new car dealer in Wichita, and Nissan Motor Corporation, a new car distributor. Nissan had sold a new Datsun 280ZX to Davis-Moore who, in turn, sold it to Thomas. Shortly after taking delivery, Thomas discovered previously undisclosed damage to the car sustained while in transit from Nissan to Davis-Moore and related repair work performed by Davis-Moore. Thomas brought suit.

According to the journal entry of judgment filed July 19, 1983, following a nonjury trial, Thomas was granted judgment for him "to receive as damages the sum of $2,000.00 from the defendants as provided under the Kansas Consumer Protection Act [KCPA]," "reasonable attorney's fees of $3,500.00 and costs of $64.55 from defendants, due to successful outcome of plaintiff's claim under the [KCPA]," and "$2,260.00 from defendants for their breach of the implied warranty of merchantability." The journal entry of judgment further recites that "all damages, attorney's fees and expenses awarded to plaintiff are to be borne equally by the defendants."

This case has been before us previously. A panel held on appeal by Nissan that Nissan did not violate the KCPA. (*Thomas v. Davis-Moore Datsun, Inc.*, No. 56,284, unpublished opinion filed March 21, 1985, mandate filed April 30, 1985.) Thus, it has been determined that Nissan has no liability to satisfy any part of either of the two judgments in favor of Thomas that were entered under the KCPA.

Davis-Moore paid one-half of each of the three judgments. We were told at oral argument that Nissan paid one-half of the implied warranty judgment. Since resolution of Nissan's appeal, the practical question confronting Thomas has been whether payment of the unsatisfied half of the two KCPA judgments can be obtained from Davis-Moore.

On May 9, 1985, nine days after the Nissan appeal mandate was filed, Thomas filed a motion for an order nunc pro tunc to correct the July 19, 1983, journal entry of judgment to recite joint and several liability of Davis-Moore and Nissan for satisfaction of the three judgments. By letter decision dated July 24, 1985, and written order filed July 25, 1985, the trial court denied the nunc pro tunc motion. Thomas has appealed.

Thomas asserts, and Davis-Moore agrees, that on some unspecified day within ten days following the denial of his nunc pro tunc motion, he made an oral motion to the trial court to reconsider. On December 17, 1985, the motion to reconsider was heard and a written order denying it was filed. This last order of the trial court recites that Thomas' motion to reconsider was made "in a timely manner."

Thomas' notice of appeal was filed January 3, 1986, some five months after denial of his nunc pro tunc motion and seventeen days after his motion to reconsider was denied.

The majority has not addressed the merits of Thomas' nunc pro tunc motion. I agree that that need not be done. (The record before us reveals some basis for the relief Thomas sought by his motion. For example, the trial court's July 24, 1985, letter decision says in part that *"[i]f the requested order had been properly entered in the first instance,* defendant could have made it the subject of a cross-appeal.") Dispositive of this appeal is the conclusion of the majority and myself that we must dismiss for lack of jurisdiction. Appellate jurisdiction is not affirmatively shown by the record on appeal.

K.S.A. 60-2103(a) pronounces the general rule that "the time within which an appeal may be taken shall be thirty (30) days from the entry of the judgment." The statute then sets forth an exception to the general rule by designating circumstances under which an appeal may be perfected by filing a notice of appeal more than thirty days "from the entry of the judgment." The exception to the general rule applicable to the case at hand is stated in this language:

"The running of the [thirty-day] time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated, and the full [thirty-day] time for appeal . . . commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: . . . granting or denying a motion under subsection (b) of K.S.A. 60-252 to amend or make additional findings of fact . . .; or granting or denying a motion under K.S.A. 60-259[f] to alter or amend the judgment . . . ."

Accepting the July 25, 1985, denial of Thomas' nunc pro tunc motion as a judgment from which an appeal may be taken pursuant to K.S.A. 60-2103(a), it is clear that Thomas' notice of appeal filed more than five months later was tardy unless the

filing of the motion to reconsider brought this appeal within the statutory exception.

The exception language of K.S.A. 60-2103(a) does not toll the time for taking an appeal. It provides that a timely filed motion for post-trial relief under one of the enumerated statutory sections or subsections operates to terminate the running of the thirty-day time and the running of the thirty-day time commences to run and is to be computed from entry of the trial court's order granting or denying the motion.

Purportedly, Thomas, "in a timely manner, made an oral motion for reconsideration." That is what the trial court found according to its December 17, 1985, order. Whether that is true and upon what that finding by the trial court was based is nowhere to be found in the record on appeal.

A motion to reconsider is not one of the motions enumerated in K.S.A. 60-2103(a). I know of no reference in Chapter 60 to a motion to reconsider. By reliance upon the principle that substance should prevail over form, there are instances in our case law where motions to reconsider have been deemed to be motions to alter or amend under K.S.A. 60-252(b) or K.S.A. 60-259(f). See, *e.g.*, *Ten Eyck v. Harp*, 197 Kan. 529, 533, 419 P.2d 922 (1966). Despite what is said in *Caplinger v. Carter*, 9 Kan. App. 2d 287, Syl. ¶ 1, 676 P.2d 1300, *rev. denied* 235 Kan. 1041 (1984), I do not find that our case law has gone so far as to judicially amend K.S.A. 60-2103(a) to include all motions to reconsider within its exceptions. See 9 Kan. App. 2d at 290.

K.S.A. 60-207(b)(1) states:

"An application to the court or judge for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought."

The record on appeal and the brief conclusively establish that Thomas' motion to reconsider was neither made in writing nor during a hearing or trial. The result is that there is nothing of record showing compliance with K.S.A. 60-207(b)(1). More importantly, the result is that there is nothing of record to support the trial court's finding that Thomas timely moved for reconsideration.

"[T]he right to an appeal . . . is neither a vested nor constitutional right, but is

strictly statutory in nature. It may be limited by the legislature . . . in any manner, or it may be withdrawn completely." *Szoboszlay v. Glessner*, 233 Kan. 475, 477, 664 P.2d 1327 (1983).

"Parties may not by mutual consent, or by failure to object, confer jurisdiction on an appellate court which it cannot under admitted facts and circumstances, legally acquire." *Western Light & Telephone Co. v. Toland*, 177 Kan. 194, 196, 277 P.2d 584 (1954).

For there to be jurisdiction for appellate review of the denial of Thomas' nunc pro tunc motion, compliance with the K.S.A. 60-2103(a) time requirements was essential. That compliance is not shown by the record.

Thomas' notice of appeal was not filed within thirty days from the filing of the order of denial on July 25, 1985. Necessary to application of the exception to the thirty-day limitation of K.S.A. 60-2103(a) is a timely post-trial motion which complies with the K.S.A. 60-207(b)(1) requirement that the post-trial motion be asserted *either in writing or on the record in open court.* (K.S.A. 60-207[b][1] says "unless made during a hearing or trial, [a motion] shall be made in writing"). It is not shown by the record that within ten days from July 25, 1985, a motion was made in writing or on the record in open court and as otherwise prescribed by K.S.A. 60-252(b), or that a motion was served and filed and as otherwise prescribed by K.S.A. 60-259(f).

Had Thomas' motion to reconsider been made in writing or on the record in open court, the fact that that action was taken, and the date thereof, would be of record; there would exist a showing of record to support the trial court's finding that such a motion was timely filed. With Thomas' motion to reconsider appearing neither in writing nor of record in open court, the record does not show compliance with K.S.A. 60-207(b)(1) and either K.S.A. 60-252(b) or K.S.A. 60-259(f). Thomas' entitlement to appellate review is not shown. The appeal must be dismissed.