Patricia Michaelis, Director Kansas State Historical Society Library and Archives Division 120 W. 10th Ave. Topeka, Kansas 66612-1291
Dear Ms. Michaelis:
On behalf of the Kansas state records board, you have requested our opinion regarding whether the deferred compensation unit of the department of administration and Kansas Advocacy and Protective Services, Inc. (KAPS) are state agencies and are therefore required to appoint records officers as provided by K.A.R. 53-4-1(a).
K.S.A. 75-3501 et seq. establish the state records board for the purpose of preserving important state records and providing an orderly method for disposing of such records. The state records board is a part of the department of administration. K.S.A.75-3502a. The duties of the state records board are prescribed by K.S.A. 75-3504 and by K.S.A. 45-404 et seq. K.A.R. 53-4-1(a), which is authorized by and implements K.S.A. 75-3504, states that "[a] staff member shall be appointed by the director of each state agency to the position of agency records officer. . . ." Neither K.A.R. 53-4-1 nor its authorizing statute define the term "state agency." Various definitions of that term are set forth in Kansas statutes, each of which applies only for purposes of the particular act in which it appears. See, e.g., K.S.A. 40-2302(d) (old age and survivors insurance for public employees), 45-402(a) (government records preservation act), 46-224(a) (state governmental ethics), 75-3049 (applications and agreements for nonstate funds), K.S.A. 75-3515(b) (real estate transactions of state agencies), 75-3701(3) (organization of department of administration), 75-3728a(a) (write-off of accounts and taxes receivable), and 75-5274(b) (prison-made goods act).
In our opinion, for purposes of interpreting the regulations of the state records board, the most appropriate definition of "state agency" appears in K.S.A. 45-402, which defines terms for purposes of the government records preservation act. We reach this conclusion because the duties of the state records board are set forth in that act as well as in K.S.A. 75-3504. Because the two acts are in pari materia, they should be construed together in interpreting the intent of the legislature. Capital Services,Inc. v. Dahlinger Pontiac-Cadillac, Inc., 232 Kan. 419, 423
(1983). Under K.S.A. 45-402(a), "state agency" is defined as "any department, board, commission, or authority of the executive branch of state government."
The deferred compensation unit was established under the authority of K.S.A. 75-5521 et seq., providing for the establishment of a deferred compensation plan by the director of accounts and reports subject to the approval of the secretary of administration. K.S.A. 75-5523(a), (d). The director of accounts and reports is authorized to enter into contracts with insurers and other private parties in order to make plan benefits available to eligible state employees. K.S.A. 75-5523(b), (d). The director is also authorized to enter into voluntary agreements with eligible state employees to deduct or defer compensation pursuant to the plan. Because it carries out a function delegated by law to the director of accounts and reports, subject to approval by the secretary of administration, the deferred compensation unit of the department of administration clearly fits within the definition of state agency in K.S.A. 45-402, and must therefore comply with K.A.R.53-4-1.
We note that K.A.R. 53-4-1 does not require each state agency to appoint a separate records officer for each subdivision, but rather provides that "a separate records officer for each major subdivision may be appointed by directors of larger agencies." K.A.R. 53-4-1(a) (emphasis added). We have been advised that the department of administration has appointed records officers for its various divisions, and the department may simply designate one of those officers to serve in that capacity for its deferred compensation unit. We also note that this interpretation does not mean that any private entity falls within the definition of "state agency" solely by virtue of entering into an agreement with the department of administration pursuant to K.S.A. 75-5523(b), (d).
The character of Kansas Advocacy and Protective Services, Inc. is of a different nature. Based upon the information available to us, KAPS is a private, non-profit corporate entity. We are aware that KAPS has requested and received direct line-item appropriations from the state general fund for many years. See,e.g., L. 1990, ch. 22, sec. 3(a); L. 1991, ch. 11, sec. 2(a); L. 1992, ch. 214, sec. 9(a); L. 1992, ch. 325, sec. 2(a); L. 1993, ch. 270, sec. 2(a); L. 1994, ch. 361, sec. 2(a). In addition, KAPS operates the Kansas guardianship program with significant grant support from appropriations to the Kansas department of social and rehabilitation services for that specific purpose. Id. While KAPS is a recipient of state funds, it is not a "department, board, commission, or authority of the executive branch of state government." We conclude that KAPS is not a state agency under the definition of that term in K.S.A. 45-402(a), and is therefore not required by K.A.R. 53-4-1 to appoint a records officer.
We note that our determination that KAPS is not a "state agency" for the limited purpose of K.A.R. 53-4-1(a) is not determinative with regard to whether KAPS may be considered a state agency under other statutory definitions of that term for other purposes.
In conclusion, the deferred compensation unit within the department of administration is a state agency as that term is defined in K.S.A. 45-402(a), and is therefore required to designate a records officer as provided by K.A.R. 53-4-1. However, Kansas Advocacy and Protective Services, Inc. is not within the definition of state agency for purposes of K.A.R.53-4-1, and therefore need not appoint a records officer.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 J. Lyn Entrikin Goering Assistant Attorney General
CJS:JLM:LEG:bas