Meredith Williams, Executive Secretary Kansas Public Employees Retirement System Capitol Tower, Suite 200 400 Southwest 8th Avenue Topeka, Kansas 66603-3925
Dear Mr. Williams:
As Executive Secretary for the Kansas Public Employees Retirement System (KPERS), you request our opinion regarding closure of certain portions of KPERS hearings on benefit decisions concerning individual members. Specifically you ask:
 "Based on the relevant provisions of K.S.A. 74-4904(2), K.S.A. 74-4909(4), and K.S.A. 75-4318(a), on behalf of KPERS I respectfully request your opinion on the following:
 "(1) Whether the hearing before the hearing officer on a member appeal of a benefit decision may be conducted as a non-public meeting, limited to the parties.
 "(2) If the answer to number (1) is yes, whether the hearing before the hearing officer should be conducted as a non-public meeting, limited to the parties.
 "(3) Whether the deliberative phase of the board's review of the hearing officer's initial order may be conducted in executive session.
 "(4) If the answer to number (3) is `yes,' whether the deliberative phase of the board's review of the hearing officer's initial order should be conducted in executive session."
The procedure for hearings on benefits determinations is set forth in KPERS statutes, which incorporate by reference the Kansas Administrative Procedure Act (KAPA). K.S.A. 1996 Supp. 74-4904(2) provides, in relevant part:
 "Any person aggrieved by any order or decision of the board made without a hearing, may, within 30 days after notice of the order or decision of the board make written request to the board for a hearing thereon. The board shall hear such party or parties in accordance with the provisions of the Kansas administrative procedure act at its next regular meeting or at a special meeting within 60 days after receipt of such request. For the purpose of any hearing under this section, the board may appoint one or more presiding officers. Any such presiding officer shall be a member of the board or an employee of the board. . . . The board shall review an initial order resulting from a hearing under this section."
Two statutes apply to your first and second questions — whether a hearing before a single hearing officer is open to the public. KPERS statute K.S.A. 1996 Supp.74-4909(10) provides:
 "Each member's account and records shall be administered in a confidential manner and specific data regarding the member shall not be released unless authorized in writing by the member; however, the board may release information to the employer or to other state and federal agencies as the board deems necessary."
K.S.A. 77-523 sets forth the procedure for all KAPA hearings. Subsection (f) provides:
 "The hearing is open to public observation, except for the parts that the presiding officer states to be closed pursuant to a provision of law expressly authorizing closure."
There is a potential conflict between the KPERS provision requiring confidentiality in administering benefits and the KAPA provision requiring an open public hearing — how can the members' benefit records be kept confidential if hearings on benefit determinations must be public? Statutes in pari materia should be read together and harmonized, if possible, to the end that all may be given force and effect. See CapitalServices, Inc. v. Dahlinger Pontiac Cadillac, Inc.232 Kan. 419 (1983). We believe that K.S.A. 1996 Supp.74-4909(10), requiring that benefits be "administered" confidentially, applies only to day to day record keeping. KAPA hearings are more than an administrative task. When a member asks for a KAPA hearing, which is by law open, the member thereby authorizes release of otherwise confidential information during the course of the hearing. A KPERS member that is a party to a hearing before the board can request a protective order under K.S.A. 1996 Supp. 77-522 in order to maintain confidentiality of records where appropriate.
In answer to your first and second questions, hearings before a single hearing officer are required to be open to the public because they are KAPA hearings.
Your third question is whether the board may conduct the deliberative portion of its review of an initial order on a member benefit determination in executive session. The same question would arise for a hearing in which the board heard evidence directly or if a hearing panel heard evidence.
For all meetings of the KPERS board, KPERS statutes specifically provide:
 "All meetings of the board shall be open to the public. The board shall keep a record of all proceedings." K.S.A. 1996 Supp. 74-4909(4).
We again note that the KAPA provision requiring open hearings also applies. K.S.A. 77-523(f). Finally there is the Kansas Open Meetings Act (KOMA), which provides in relevant part:
 "Except as otherwise provided by state or federal law . . . all meetings for the conduct of the affairs of, and the transaction of business by, all legislative and administrative bodies and agencies of the state and political and taxing subdivisions thereof, including boards, commissions, authorities, councils, committees, subcommittees and other subordinate groups thereof, receiving or expending and supported in whole or in part by public funds shall be open to the public and no binding action by such bodies shall be by secret ballot, but any administrative body that is authorized by law to exercise quasi-judicial functions shall not be required to have open meetings when such body is deliberating matters relating to a decision involving such quasi-judicial functions." K.S.A. 75-4318.
These statutes present some ambiguity. Does the KOMA quasi-judicial deliberations exception apply to KAPA hearings, including KPERS hearings on member benefit determinations?
The KOMA defines a meeting as:
 "As used in this act, "meeting" means any gathering, assembly, telephone call or any other means of interactive communication by a majority of a quorum of the membership of a body or agency subject to this act for the purpose of discussing the business or affairs of the body or agency." K.S.A. 1996 Supp. 75-4317a.
Unless specifically excepted by statute, whenever a board or a hearing panel is conducting an administrative hearing, including KAPA hearings, the KOMA is triggered — there is an administrative board or subdivision thereof, which is supported in whole or in part by public funds, and which is gathered for the purpose of discussing the business or affairs of that board. This includes the KPERS board of trustees or a hearing panel designated by the board when conducting hearings on member benefit determinations. The only circumstance in which the KOMA would not apply is a hearing conducted by a single hearing officer, but the KAPA openness provision would still apply.
Reading these statutes together and attempting to harmonize them, we believe that the legislature recognized both the importance to the public in openness of KAPA hearings, and the necessity of privacy to agency quasi-judicial deliberations. We believe the legislature intended the KOMA, including the quasi-judicial deliberations exception, to apply to KAPA hearings, which meet the definition of a meeting. We view the KPERS statute on openness, K.S.A. 1996 Supp.74-4909(4), also as a legislative expression of intent to incorporate the KOMA and its exceptions into KPERS meetings.
Since the KOMA applies, the next step is to determine if the nature of the hearing is quasi-judicial. InGolden v. City of Overland Park, 224 Kan. 591, 597
(1978), the Court described a quasi-judicial proceeding as one that
 "[R]equires a weighing of the evidence, a balancing of the equities, an application of rules, regulations and ordinances to facts, and a resolution of specific issues."
In Gawith v. Gage's Plumbing Heating Co, 206 Kan. 169, Syl. ¶¶ 1, 2, 3, 4 (1970), the Court discussed the difference between a legislative function and a judicial function:
 "There is a distinction between the types of decisions rendered by different administrative agencies; and some such agencies perform judicial or quasi-judicial functions while others do not.
 "In determining whether an administrative agency performs legislative or judicial functions, the courts rely on certain tests; one being whether the court could have been charged in the first instance with the responsibility of making the decisions the administrative body must make, and another being whether the function the administrative agency performs is one that courts historically have been accustomed to perform and had performed prior to the creation of the administrative body.
 "A judicial inquiry investigates, declares and enforces liabilities as they stand on present or past facts and under laws supposed already to exist, whereas legislation looks to the future and changes existing conditions by making a new rule to be applied thereafter to all or some part of those subject to its power.
 "In applying tests to distinguish legislative from judicial powers, courts have recognized that it is the nature of the act performed, rather than the name of the officer or agency which performs it, that determines its character as judicial or otherwise."
A benefits determination on a KPERS member is a classic example of a quasi-judicial function. The board (or hearing officer or panel) must first review (or hear) evidence as to the facts about the member, must weigh sometimes conflicting evidence, and then must apply the KPERS statutes and regulations to those facts to reach a conclusion on benefits.
Because the determination is quasi-judicial, the board (or a hearing panel) may conduct deliberations outside of an open meeting. While nothing prohibits a public body or agency from using the procedural formalities of an executive session to conduct non-public deliberations, the quasi-judicial deliberations exception is not one listed in the KOMA statute on executive sessions. K.S.A. 1996 Supp. 75-4318. In other words, quasi-judicial deliberations are exempt from the KOMA. K.S.A. 1996 Supp. 75-4319.
Only deliberations by a board or panel may be done outside an open meeting. Black's defines deliberation as
 "the act of weighing and examining for and against a contemplated act or course of conduct . . . ." Black's Law Dictionary 384 (5th Ed. 1979).
While there are a variety of procedures which could be used, after hearing evidence and arguments, a public body or agency may simply call its hearing to a close and deliberate over the course of days or weeks. During the deliberations, the members may discuss the evidence and issues, draft a proposed order, and reach a consensus as long as they do not take a formal vote outside of an open meeting. See Attorney General Opinion No. 91-31.
Your fourth question concerns whether quasi-judicial deliberations should be conducted in a non-public manner. The exception for quasi-judicial deliberations under sunshine laws is not unique to Kansas. One judge discussed its application to agency proceedings, saying:
 "The regular activities of an agency and those which are quasi-judicial are altogether different. Those rights of persons and property involved in a hearing should be preserved in a judicial atmosphere which is essential to a fair and impartial deliberation upon the rights involved. To afford less in such a judicial type of proceeding would be a denial of due process and of a fair hearing in which a person's rights and interests are at stake, as much as if he were before a judicial tribunal.
. . . .
 "The result of depriving an administrative body of free deliberation among themselves, just as a regular judicial body or jury may do, is to shut off the free flow of discussion among them and an exchange of ideas and an open discussion of differing views to the end that a fair and just result may be reached by the body based upon the evidence and arguments at the hearing. Ask any juror. The answer will be that the free interchange and discussion among the group is essential to a fair and just conclusion of the interests before them for decision. This is not the area in which one need fear the alleged `private deals' and extraneous considerations to the matter at hand, so that really the asserted reason undergirding the sunshine law is not present in a judicial deliberation of a matter before an administrative board for a review of judicial character. The basic concept of the `right of the public to know' is fulfilled upon reaching such a fair and just result which is then publicly conveyed." Canney v. Board of Public Instruction of Alachua County, 278 So.2d 260, 264-65 (Fla. 1973), (Dekle, J., dissenting.)
While we are of the opinion that K.S.A. 1996 Supp.74-4909(10) does not apply to benefits hearings, this statute does evidence a legislative intent to protect privacy as much as possible, and is one factor to consider in determining whether to hold deliberations out of the public view. Further the board should consider, based upon the facts of each case, whether for a full discussion of the issues non-public deliberations would be beneficial to achieving due process. Finally, if the board's attorney is present to give confidential legal advice, the board would waive its attorney client privilege if the public were present and thus should factor this into determining whether to open deliberations.
In summary, KPERS' hearings on determinations of member's benefits are quasi-judicial rather than administrative. As such, deliberations are exempt from the KOMA and may be held either in an executive session or in private discussions between members after conclusion of the open meeting as long as no formal vote is taken outside of an open meeting. Whether quasi-judicial deliberations should be held in private is a matter of discretion with the board and is not mandatory.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Steve Phillips Assistant Attorney General
CJS:JLM:SP:jm