Tessia CLEVINGER, Plaintiff,

v.

MOTEL SLEEPERS, INC., Defendant.

Civil Action No. 98–0096–A.

United States District Court,
W.D. Virginia,
Abingdon Division.

Feb. 8, 1999.

Carl E. McAfee, McAfee & Associates, Norton, VA, for Plaintiff.

Mark Sheridan Brennan, Wright, Robinson McCammon, Osthimer Tatum, Richmond, VA, for Defendant.

## OPINION AND ORDER

JONES, District Judge.

The question presented is whether an employee fired for complaining to her employer about its failure to pay a minimum wage is entitled to bring a retaliation claim under the Fair Labor Standards Act, where the employee filed no complaint with a government agency. I find that a plain reading of the statute does not include such a case, and grant partial summary judgment.

*I*

The plaintiff, Tessia Clevinger, a former waitress employed by the defendant, Motel Sleepers, Inc. ("Motel"), filed this action pursuant to the provisions of the Fair Labor Standards Act of 1938,[1] claiming that she had not been paid the required minimum wage.[2] She also asserted that she had been "harassed" and then fired as a result of her complaints to management about the failure to pay her a minimum wage and her contact with a government agency.

The defendant answered and after discovery, moved for partial summary judgment, contending that since Clevinger never filed a formal written complaint with a government agency, she has no proper cause of action for retaliation.

The parties have briefed the issue and presented oral argument and the motion is ripe for decision. Summary judgment is appropriate when there is "no genuine issue of material fact," given the parties' burdens of proof at trial.[3] In determining whether the moving party has shown that there is no genuine issue of material fact, a court must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party.[4]

1. 29 U.S.C.A. §§ 201–219 (West 1998) ("FLSA").

2. *See* 29 U.S.C.A. § 206.

3. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Fed.R.Civ.P. 56(c).

4. *See Ross v. Communications Satellite Corp.,* 759 F.2d 355, 364 (4th Cir.1985).

## II

For her retaliation claim, the plaintiff relies on the anti-retaliation provision contained in section 215(a)(3) of the statute, which provides as follows:

[I]t shall be unlawful for any person -

.  .  .  .  .

to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee[.] [5]

In particular, Clevinger alleges that she worked for Motel from February of 1997 until May 20, 1998, when she was discharged. She contends that after she was first paid less than she was entitled, she complained to Sue Dotson, the manager, but was "chastised." After a second complaint to Dotson that Motel was violating the federal minimum wage law, she alleges that she "contacted the Department of Labor and explained [her] situation, and was told that [she] was due the difference between the minimum wage and what [she] actually received, and [she] was also given written information explaining [her] rights under the [FLSA]." [6]

The plaintiff alleges that she told management at Motel about the information she had received from the Department of Labor, but was again reprimanded and told that she was wrong. Thereafter, she contends that was "constantly harassed" and was eventually fired under the pretext that she was improperly taking tip money. In actuality, she says, she was discharged because of her complaints to management about the additional wages due her and because of her contact with the government agency.

In response to interrogatories filed by Motel, the plaintiff admitted that she had never filed a complaint with the Department of Labor or any other agency and thus was never scheduled to testify. [7]

The plaintiff now readily concedes that she never filed a formal complaint with the government, but argues that her informal oral complaint to her employer, putting the employer on notice of an FLSA violation, was sufficient under section 215(a)(3). [8] The defendant, on the other hand, contends that the plaintiff does not fall within the plain language of the statute, and thus is not entitled to recover under her retaliation claim, even if she could prove that she was sacked for complaining about the alleged FLSA violation.

## III

The Fourth Circuit has not spoken to the issue, but older decisions from the Third, Sixth, Seventh, Tenth, and Eleventh Circuits, relying on the remedial nature of the FLSA, permit a retaliation cause of action based on informal complaints to employers. [9] Newer opinions from the Second and Ninth Circuits, exhibiting a "textualist" method of statutory interpretation, reject an action based on such complaints. [10]

---

5. 29 U.S.C.A. § 215(a)(3).

6. Compl. ¶ VI.

7. Def.'s Mem. of Law, Ex. 1, Pl.'s Answers to Interrogs., Nov. 13, 1998, at 1–2.

8. Mem. in Opp'n to Def.'s Mot. for Partial Summ. J. 1, 8.

9. *See EEOC v. Romeo Community Schools*, 976 F.2d 985, 989 (6th Cir.1992) (holding that an employee's informal complaint is sufficient to trigger the anti-retaliation protection of the FLSA); *Crowley v. Pace Suburban Bus Div. of Reg'l Transp. Auth.*, 938 F.2d 797, 798·n. 3 (7th Cir.1991); *EEOC v. White & Son Enters.*, 881 F.2d 1006, 1011 (11th Cir.1989) ("The charging parties did not perform an act that is explicitly listed in the FLSA's anti-retaliation provision; however, we conclude that the unofficial complaints expressed by the women to their employer about unequal pay constitute an assertion of rights protected under the statute"); *Brock v. Richardson*, 812 F.2d 121, 124 (3d Cir.1987) (interpreting the FLSA's anti-retaliation provision to cover "activities that might not have been explicitly covered by the language"); *Love v. Re/Max of America, Inc.*, 738 F.2d 383, 387 (10th Cir.1984) (finding that "[t]he Act also applies to the unofficial assertion of rights through complaints at work").

10. *Lambert v. Ackerly*, 156 F.3d 1018, 1022 (9th Cir.1998) ("[W]e agree ... that the language of the FLSA's anti-retaliation provision is plain and unambiguous...."). *See Lambert v. Genesee*

I believe that the plain language approach of the recent Second and Ninth Circuit cases better comports with my view of judicial authority in statutory interpretation.

The word "filed" clearly denotes a procedure other than oral.[11] Moreover, I must construe the words "filed any complaint" in section 215(a)(3) within their statutory context.[12] While Clevinger certainly "complained" to her employer about the alleged violation of the minimum wage law, all of the prerequisites set forth in section 215(a)(3) involve formal endeavors: "filing" a complaint, "instituting" a "proceeding," "testifying," or service on an industry committee. The context thus supports the interpretation that a more verifiable activity is required than merely an oral complaint to a supervisor.[13]

Of course, there are doubtless good policy reasons for forbidding retaliation for less formal activities. It may be argued that it is better to protect informal as well as formal communications, since otherwise a prudent employee may be encouraged to file a formal action against her employer, without first risking informal conciliation efforts. The parties would then be faced with a more expensive and time-consuming proceeding, when the employer might have agreed to voluntarily remedy the employee's grievance had it known of it. An inclusively-worded anti-retaliation provision thus might encourage employees to forego formal complaints at least until informal requests had been rebuffed.

Title VII of the Civil Rights Act of 1964 contains an anti-retaliation provision that adopts this approach, and forbids discrimination against an employee because "he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."[14] The opposition clause of this statute obviously encompasses an employee's informal complaints to her employer.[15]

The fact that Congress made the decision to adopt a broad anti-retaliation provision in Title VII, however, emphasizes the restricted nature of my role in interpreting the FLSA. The language of section 215(a)(3) does not permit an interpretation as claimed by the plaintiff, and I would exceed my authority to accede to it. Whether it is better public policy to have an FLSA anti-retaliation provision as extensive as Title VII's is a matter for Congress, and not for me, to decide.

## IV

For the foregoing reasons, it is **OR-DERED** that the defendant's motion for par-

*Hosp.*, 10 F.3d 46, 54 (2d Cir.1993) ("The plain language of this provision limits the cause of action to retaliation for filing formal complaints, instituting a proceeding, or testifying, but does not encompass complaints made to a supervisor."). For a discussion of the current competing doctrines of statutory interpretation, see Peter L. Strauss, *The Common Law and Statutes*, 70 U. Colo. L.Rev. 225, 227–29 (1999).

**11.** *See In re Dewey Beach Enter., Inc.*, 110 B.R. 681, 684 (Bankr.D.Del.1990) (holding that to "file"a proof of claim under the bankruptcy rules, a writing is required); *Capital Servs., Inc. v. Dahlinger Pontiac–Cadillac, Inc.*, 232 Kan. 419, 657 P.2d 36, 37 (1983) ("The word 'file' contemplates the deposit of a writing with the proper official."); *Thompson v. Southern Express Co.*, 147 N.C. 343, 61 S.E. 182, 183 (1908) (holding that the word "file" in a state statute regulating claims to public carriers requires written statement of claim, in view of derivation of the word from the Latin "filum," a thread, "drawn from the ancient practice of placing papers upon a thread or file for ready reference."). *But see*

*Mid–Century Ins. Co. v. Barclay*, 880 S.W.2d 807, 810 (Ct.App.Tex.1994) (holding that a claim required to be "filed" with an insurance company under a state statute may be made orally).

**12.** *See Department of Commerce v. United States House of Representatives*, —— U.S. ——, 119 S.Ct. 765, 142 L.Ed.2d 797 (1999) (interpreting Census Act).

**13.** I do not reject the possibility that a formal written complaint to an employer, perhaps pursuant to a grievance procedure, might constitute the filing of a complaint within the meaning of the statute, even if no complaint was filed with a government agency. However, no such facts are present here.

**14.** 42 U.S.C.A. § 2000e–3(a) (West 1994).

**15.** *See Holsey v. Armour & Co.*, 743 F.2d 199, 211 (4th Cir.1984) (holding that merely asking an employer whether race played a part in an employment decision is protected under Title VII's anti-retaliation provision).

tial summary judgment is granted, and judgment is entered for the defendant on the plaintiff's claim of retaliation arising under 29 U.S.C.A. § 215(a)(3).[16]

16. The plaintiff's remaining claim for unpaid   minimum wages is unaffected by this ruling.