Elno SHAWVER, Plaintiff-Respondent,

v.

Len L. SHAWVER and James B. Gibson, Defendants,

and

The Prudential Insurance Company of America, a Corporation, Garnishee-Appellant.

No. 23550.

Kansas City Court of Appeals, Missouri.

Dec. 3, 1962.

Henry G. Eager, Kansas City, Tweedie Fisher, Jefferson City, Swanson, Midgley, Jones, Blackmar & Eager, Kansas City, for garnishee-appellant.

Howard L. McFadden, Jefferson City, for respondent.

BROADDUS, Judge.

The Garnishee, Prudential Insurance Company, appeals from an order sustaining plaintiff's motion for summary judgment and entering judgment for $1128.

This controversy concerns Mrs. Shawver's effort to garnish the cash surrender value of the appellant Prudential's modified whole life type policy of insurance which was issued on January 1, 1950 to the defendant Len L. Shawver in the face amount of $8000. On June 23, 1960, plaintiff obtained a judgment totaling $7452.50 upon promissory notes against her former husband and on January 31, 1961, the Prudential was served with a summons of garnishment in aid of general execution issued January 26, 1961, upon the unpaid balance of this judgment, amounting to $2825. Interrogatories to the garnishee were filed. Appellant-insurer answered, admitting that this policy had been issued to Mr. Shawver but adding "no request in compliance with the terms of the policy" had ever been made for its surrender value. Mrs. Shawver denied these answers and prayed for judgment for $1272 against the garnishee, saying in part: " * * * (g) The said policy provides that it may be surrendered for a stated value on written application therefor and surrender of the policy. (i) Prior to January 26, 1961, defendant had submitted his application to garnishee for the cash surrender of the said policy but did not, at that time, surrender the policy and garnishee has not yet paid the cash value thereon * * *."

The Prudential replied to these denials as follows:

" * * * (g) Admits.

"(i) Admits that the cash surrender value of said policy has not been paid; denies that defendant has submitted his application to garnishee for cash surrender of said policy; admits that defendant did not surrender the policy; denies each allegation not admitted * * *."

On April 10, 1961, appellant-garnishee filed a motion to dismiss and for judgment on the pleadings. A hearing on said motions was had on May 15, 1961. It was then shown that "in the late summer of 1960" the insured made written application for the cash surrender value of the policy. In the course of the hearing the court inquired of plaintiff's counsel: "Do you have the policy there?" To which the latter replied: "It has been submitted in evidence." Both motions were overruled in accord with the

following May 9, 1961, ruling by Judge Blair:

"Gentlemen:

"Counsel for both sides agreed that the letter of the Prudential Insurance Company of America, written and signed by F. W. Scammell, Manager, Ord. Policy Div. SWHO, might be considered by me as authentic and for its legitimate worth as evidence. I shall consider it in that light and for that purpose.

"To me the record is clear that an application was made in due form for the cash value of the policy in the late summer of 1960. It is not material that the exact date is not fixed by the record for I notice that in 1960 late summer came before autumn and autumn came before the beginning of winter and 1961 followed 1960. The garnishment was not issued until 1961.

"To my mind the only question is whether the application for a cash value was sufficient without being accompanied by a surrender of the policy. I think the question disappears when Magers v. National Life & Accident Insurance Co., 329 S.W.2d 752–756 is understood. There the Supreme Court en banc, in an instance paralleling this one, said: 'Nor do we think that it is necessary that physical delivery of the policy be made to the Company at the time and as a part of the demand (for cash value). The policyholder should be entitled to retain the policy which is his evidence of the debt until the Company indicated its willingness to pay and then deliver it concurrently with the payment of the cash value and not precedent to it.'

"On this record, and in view of the Magers case, I have no alternative but to overrule the motion to dismiss, and that has been done as of this date."

Subsequently, on May 23, 1961, plaintiff filed her motion for summary judgment alleging that the amount of the surrender value "is contained in the policy itself * * *", and that the necessary request for surrender was duly proved. On July 24, 1961, the court sustained this motion and entered judgment in favor of Mrs. Shawver for $1128, apparently as computed from the printed table of loan and non-forfeiture values for the 10th year the policy had been in force.

Appellant-garnishee filed alternative motions for judgment or new trial, which were overruled and this appeal followed.

■ Appellant states its Point I as follows:

"The actual surrender of this policy is an express condition precedent to the payment of its cash surrender value and such condition was not performed or legally excused by the insured-defendant's submission of only his written request for surrender, as a result of which the trial court necessarily erred in holding that the appellant-insurer was unconditionally indebted to pay a cash value to the insured-defendant, and, therefore, liable in the present garnishment."

We agree with the view taken by the learned trial court that the Magers opinion governs the instant case. That decision compels us to rule the contention adversely to appellant.

■ Appellant's remaining point is that "the present summary judgment is improper because the amount of the cash value and tender of the policy are genuine issues of material fact which were not established by unassailable proof." There is no merit in this contention. The insurance policy was offered in evidence. It shows its cash surrender value for each year the policy remains in force. And appellant-garnishee in its pleading admitted that on "January 26, 1961 the said policy was still in force."

The judgment is affirmed.

All concur.