Elno SHAWVER, Plaintiff-Respondent,

v.

Len L. SHAWVER and James B. Gibson, Defendants,

and

The Prudential Insurance Company of America, a Corporation, Garnishee-Appellant.

No. 50027.

Supreme Court of Missouri,

En Banc.

Nov. 11, 1963.

Rehearing Denied Dec. 9, 1963.

Henry G. Eager, Kansas City, Tweedie Fisher, Jefferson City, Swanson, Midgley, Jones, Blackmar & Eager, Kansas City, of counsel, for appellant.

Howard L. McFadden, Jefferson City, for respondent.

HYDE, Judge.

Garnishment of cash surrender value of an insurance policy in which the circuit court sustained plaintiff's motion for summary judgment and entered judgment for $1128.00. Garnishee had filed a motion to dismiss and for judgment on the pleadings which had been overruled. The Kansas City Court of Appeals affirmed the judgment. Shawver v. Shawver, Mo.App., 364 S.W.2d 80. See opinion of the Court of Appeals for the pleadings. On application of garnishee, we transferred the case here. Sec. 10, Art. V, Const., V.A.M.S.

The only question involved is whether a judgment can be rendered against the garnishee for the cash surrender value of the policy, on a judgment against the insured, when surrender of the policy as required by its terms had not been made or tendered. (This was admitted in plaintiff's pleadings.) Our conclusion is that a judgment cannot be rendered in that situation for the reasons hereinafter stated.

The policy which was in evidence provided: *"Cash Value and Reduced Paid-up Insurance Options.*—* * * either one of the following options may be elected by proper written application *and submission* of this Policy to the Home Office * * * *Surrender of Extended or Reduced Paid-up Insurance.*—Any extended insurance commencing at or after the end of the period

when a cash surrender value is first shown in the Table of Loan and Non-Forfeiture Values, or any reduced paid-up insurance, may be surrendered upon proper written application *and legal surrender* of this Policy." (Emphasis ours.)

Evidence before the court prior to entry of summary judgment included depositions, taken by plaintiff, of three employees of garnishee and a letter of an officer of garnishee (see Court of Appeals opinion, 364 S.W.2d l. c. 82) showing defendant's application for cash surrender and request for a duplicate policy had been refused and returned to him because he had not tendered the policy and could not do so since the company had learned it was in the possession of his former wife, the plaintiff herein. Deposition testimony showed that plaintiff had paid some of the premiums but that the policy had lapsed and that the cash value would depend on when that occurred. It also showed an application form for surrender was signed by defendant in the latter part of 1960 and sent to garnishee by its special agent who never saw the policy. This agent stated the normal procedure was that the policy and completed forms would be stapled together and sent to the Kansas City office but if no policy was available a request for a duplicate or substitute policy must accompany the form.

Furthermore, exhibits offered at the hearing on garnishee's motion to set aside the summary judgment showed the policy had lapsed for nonpayment of premiums but would remain in force as extended term insurance of $7,182.79 until June 8, 1971, and had a cash surrender value which would decrease as required to carry the extended insurance throughout this specified term. It was also shown by the exhibits that there was a policy loan to insured which reduced the cash surrender value of the policy to $607.81 as of February 16, 1961.

In 38 C.J.S. Garnishment § 110c, p. 318, cases are cited holding "the cash surrender value of a policy is not subject to garnishment, unless all of the terms on which payment of the surrender value is conditioned have been met, including conditions to be performed by insured, such as default in payment of the premiums, surrender of the policy, and demand for payment of the surrender value." See also 6 Am.Jur.2d 682, Attachment and Garnishment, Secs. 170–171; annotation, 37 A.L.R. 2d 282, 286.

The trial court and the court of appeals in holding that surrender of the policy was not essential to a judgment of garnishment for the cash surrender value relied on a statement made in our opinion in Magers v. National Life & Accident Insurance Co., Mo., 329 S.W.2d 752, 756, as follows: "Nor do we think it is necessary that physical delivery of the policy be made to the Company at the time and as a part of the demand. The policyholder should be entitled to retain the policy which is his evidence of the debt until the Company indicated its willingness to pay and then deliver it concurrently with the payment of the cash value and not precedent to it." The authority (Fidelity Mut. Life Ins. Co. v. Merchants' & Mechanics' Bank, 5 Cir., 71 F.2d 777 l. c. 778) cited for that statement ruled on a different policy provision than the one herein, stating only that the insured "may surrender this policy (a) for its cash surrender value * * *," the court commenting (71 F.2d l. c. 780) "the policy appoints no place" for its surrender. In any event, that statement in our opinion must be considered in the light of the facts of the Magers case. We were referring to the right of an assignee to collect for policyholders who still desired collection, after the company had refused to recognize the assignments; not the right of a debtor of a policyholder to obtain a judgment of garnishment for his cash surrender value, after the policyholder had withdrawn his application to surrender the policy, without ever making or tendering a surrender of his policy.

The Magers case was not a garnishment case but involved only assignments; and we said: "There appears to be no valid reason why an insured, having decided to surrender his policy, cannot authorize some other person to make the collection of the cash value and surrender the policy." Magers had assignments of lapsed policies and sued to collect their cash surrender values. None of his assignees had retained their policies or sought to rescind their assignments. These policies had lapsed for nonpayment of premiums and there was no dispute about the cash surrender values due. The issue was whether a policy provision prohibiting assignment prevented recovery. We stated as the general rule as to that issue: "[A]n assignment made by the insured after the event has occurred on which liability under an insurance policy is predicated does not violate a policy provision prohibiting assignment of the policy or its benefits." We ruled: "In these circumstances the assignments in aid of the collection of the matured claims did not violate the policy provisions and the suit was properly brought in the name of the plaintiff as assignee." Nothing in that opinion authorized collection of the surrender value of these policies without surrendering them; and the original record in that case shows the insurance policies were in the possession of the plaintiff, the assignee, and were offered in evidence by him at the trial. As we noted in our opinion (329 S.W.2d 752 l. c. 756) no issue of prior surrender of the policy was pleaded and, of course, that requirement could be waived by the company. Moreover, it is said (3 Appleman's Insurance Law and Practice 368, Sec. 1757): "[W]here the insurer has unequivocally denied liability, physical surrender is excused." In the Magers case, the company was denying the right of Magers, as assignee, to receive anything regardless of surrender. In this case, garnishee was willing to pay on submission of the policy with the application. Our decision actually meant that Magers, as assignee, could obtain the cash surrender value by complying with the policy requirements therefor even though the policyholders, who were his assignors, had not done so prior to making the assignments.

"Garnishment is said to be in effect an action by the defendant against the garnishee for the use of the plaintiff, or a suit by the defendant in which the plaintiff is subrogated to the rights of the defendant." 6 Am.Jur.2d 567, Attachment and Garnishment, Sec. 9. Therefore, for a plaintiff to obtain judgment against a garnishee for a debt due the defendant, ordinarily it is necessary that the defendant could obtain such a judgment. 6 Am. Jur.2d 611, Attachment and Garnishment, Sec. 73; 38 C.J.S. Garnishment § 176, p. 393. There are statutory exceptions and exceptions based on fraud or collusion not applicable here. Certainly the defendant in this case could not have obtained a judgment for the cash surrender value of his policy without surrender or tender of his policy, since the policy existed and it was known where it was. As applied to garnishment it is stated in the annotation, 37 A.L.R.2d 286: "Even though a life insurance policy has a cash surrender value which is available to the insured at his option, it is quite uniformly held by the courts that where the insured has not exercised his option to surrender the policy for its cash surrender value, a creditor of the insured cannot obtain such cash surrender value by means of garnishment proceedings, the general view being that where the surrender option has not been exercised there is no such present fixed liability or existing indebtedness on the part of the insurer to the insured as is requisite to the maintenance of garnishment." In this case, surrender of the policy (by submission to the Home Office) was essential to the exercise of the surrender option by the express terms of the policy.

In the annotation, 37 A.L.R.2d 284, a Missouri case, Industrial Loan & Investment Co. v. Missouri State Life Ins. Co., 222 Mo.App. 1228, 3 S.W.2d 1046, is cited.

as not in accord with the general rule, stating the view that cash surrender value could be attached and collected by a court-appointed receiver. However, when a policy gives the insured an option to take either paid-up insurance or cash surrender value, we doubt the authority of a court to authorize the choice by anyone else. The opinion used the analogy of an assignment or a pledge but in such situations the insured has voluntarily transferred his rights. Furthermore, the court's views in that case were in the nature of dictum because the actual decision was that the sale of the insurance policy involved, under an execution, was void and the judgment of the trial court, denying plaintiff's right to recover its cash surrender value, was affirmed. Bearing on the issue in this case, the court did say (3 S.W.2d 1. c. 1048): "It is too plain for argument that the option of the insured to elect to take the surrender value of an insurance policy is not an evidence of debt at least until the option is exercised. Since the option had not been exercised at the time of the levy in this case, the policy did not fall within the statute in so far as being an evidence of debt."

It is our view that the option was not exercised in this case, so as to make the cash surrender value subject to garnishment, because there had not been compliance with the provisions of the policy which required "legal surrender" of the policy by "submission * * * to the Home Office" as well as a "proper written application." No tender of the policy was made by defendant at anytime before he withdrew his application or even by plaintiff after inquiry was made of her where the policy was. If a policy is not surrendered there are many possibilities for claims of liability of the company to others such as an assignment or pledge of the policy to a third party, attachment as in the Industrial Loan & Investment Co. case, supra, or even a claim on the extended life insurance by the beneficiary in case of the insured's death. Cash surrender value was

held immune from a federal tax lien or distraint because "the condition requiring 'legal surrender' of the policy is more than a merely formal one," in United States v. Massachusetts Mutual Life Insurance Co., U.S.C.A. 1, 127 F.2d 880, 883. See also United States v. Gilmore, D.C.W.Va., 147 F.Supp. 902, 905; Martin v. New York Life Ins. Co., U.S.C.A. 7, 104 F.2d 573, 574, 124 A.L.R. 1163; 3 Couch's Cyclopedia of Insurance Law, 1929 Ed., 2075, Sec. 641; 3 Appleman's Insurance Law and Practice 368, Sec. 1757. Therefore, having admitted the policy was not surrendered, plaintiff was not entitled to summary judgment against garnishee herein; but instead garnishee was entitled to judgment on the facts shown in evidence and the admissions in plaintiff's pleadings.

Therefore, the judgment is reversed and the cause remanded with directions to enter judgment for garnishee and determine its application for allowances under Sec. 525.240, RSMo, V.A.M.S., and Supreme Court Rule 90.23, V.A.M.R.

All concur except EAGER, C. J., not sitting.