No. 44,001

NATIONAL SURETY CORPORATION, *Appellant*, v. VERN GILLETTE, d/b/a Parsons Roofing Company, *Appellee*.

(400 P. 2d 681)

Opinion filed April 10, 1965.

*John B. Towner*, of Pittsburg, argued the cause, and *Paul L. Wilbert, Randall D. Palmer, Carter Botkin* and *Alois R. Bieber*, all of Pittsburg, were with him on the brief for the appellant.

*John B. Markham*, of Parsons, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: The question presented by this appeal is whether a creditor can reach the cash surrender value of a debtor's ordinary life insurance policy by garnishment proceedings in aid of execution.

On the 17th day of February, 1960, judgment was taken by the National Surety Corporation (appellant) against Vern Gillette, d/b/a Parsons Roofing Company (appellee) for the sum of $11,-433.03 and costs.

On the 3rd day of October, 1963, an order of garnishment in aid of execution was served upon the Equitable Life Assurance Society of the United States.

On the 30th day of October, 1963, the Equitable Life Assurance Society of the United States answered as follows:

"That according to the records of the Society at the Kansas City Office, Policy No. 15,263,993 was issued by the Society on December 21, 1956, to Vern F. Gillette in the face amount of $10,000. Premiums are payable quarterly and have been paid to continue the policy in force to September 14, 1963, as of which date the cash value of the policy, including dividend accumulations and interest thereon, was $1,879.87 subject to an existing indebtedness in the sum of $1,245.47, with interest due thereon at the rate of 5%

"That this amount is payable subject to the terms, provisions and conditions of the policy including an appropriate request for surrender by all parties

in interest, the physical surrender of the policy, and to any statutory exemptions which may be claimed by the defendant."

The net value over and above the loan indicated by the foregoing answer is $634.40, which is the amount the appellant seeks to reach by these proceedings.

Upon motion of the appellant, Equitable was ordered to pay the net proceeds of the cash value under the policy into court for the benefit of the appellant.

The appellee later attacked this order by motion, and the trial court subsequently, after hearing, reversed itself and set aside its previous order, from which appeal has been duly perfected.

Prior to the issuance of the garnishment, the appellee had testified at an asset hearing that he still operated his roofing business as a contractor, but that he had no bank account, and that his wife owned a 1949 Dodge truck, a 1959 Dodge truck, a 1961 Chrysler Imperial automobile and a 1959 outboard motor boat. The appellee further testified that he knew of no way he could pay the appellant's judgment.

The appellee contends that, absent a written request for payment, the cash value of a policy of ordinary life insurance owned by the appellee is not subject to garnishment by the appellant.

The appellant, on the other hand, contends the cash value of a policy of ordinary life insurance is property of the debtor, and as such there is no reason why it cannot be levied upon, unless it is exempt by statute.

Since the facts giving rise to this appeal occurred prior to January 1, 1964, the provisions of the old code of civil procedure apply.

G. S. 1949, 60-3494 provides in part:

"The judge may order any property of the judgment debtor not exempt by law, in the hands either of himself or any other person or corporation, or due to the judgment debtor, to be applied toward the satisfaction of the judgment, and may enforce the same by proceedings for contempt, in case of refusal or disobedience; . . ."

G. S. 1949, 60-3485 provides:

"When a judgment debtor has not personal or real property subject to levy on execution sufficient to satisfy the judgment, any equitable interest which he may have in real estate as mortgagor, mortgagee, or otherwise, or any interest he may have in any banking, turnpike, bridge or other joint-stock company, or any interest he may have in any money, contracts, claims or choses in action, due or to become due to him, or in any judgment or decree, or any money, goods or effects which he may have in the possession of any

person, body politic or corporation, shall be subject to the payment of such judgment by action, or as hereinafter prescribed.

The insurance policy in question is no part of the record presented on appeal, and we do not therefore have the benefit of its terms to assist in this opinion.

The question here presented is one of first instance in this court.

Long ago Justice Brewer, speaking for the court in *B. & M. R. Rld. Co. v. Thompson*, 31 Kan. 180, 1 Pac. 622, stated the basic principles to be applied in garnishment proceedings. He said:

". . . Garnishee proceedings mean this: the creditor takes the place of the debtor. 'Only this and nothing more.' The former takes only that which the latter could enforce. That which the garnishee owes, whether due or not, is appropriated; but the process has no future effect. . . ." (p. 196.)

Under the statutes heretofore quoted, to subject the property or equitable interest of a debtor to a judgment, the property or interest must be due or become due. Where garnishment process has been issued any after-acquired property or interest may not be subjected to such garnishment.

In this case there is no existing debt payable to the appellee by Equitable. The amount payable as the cash surrender value of the policy is payable only after the terms, provisions and conditions of the policy are met by all of the parties in interest. It is not contended by the appellant that the appellee has complied with any of the conditions of the policy which create a liability or an indebtedness on the part of Equitable to the appellee.

The universally accepted rule is that an insurance policy is a contract. The cash surrender value, or the loan value, of an ordinary life insurance policy is a part of the contract, and whether the insured will comply with the provisions of the policy to receive the cash surrender value, or its loan value, is a matter completely in his discretion. He has a right to make that decision without the interference of a court of equity. There was no debt due from the insurance company to the insured, under the facts, that could be reached at law by the process of garnishment; nor can equity bring to bear any force to compel the debtor to perform acts which he does not desire to perform in order to convert a contingency into an actual debt upon the part of the insurance company. The nature itself of the loan value precludes its being held to be a debt due the insured by the company. Until steps have been taken by the insured to effect a loan, in case he should desire to take ad-

vantage of the provision in the policy relating to a loan, and until the loan transaction is completed, the insurer is not in any sense indebted to the insured; and the provision as to the loan value of the policy is a mere privilege to the insured, to be taken advantage of by him upon terms and conditions prescribed in the policy.

(*Farmers &c. Bank v. National Life Ins. Co.*, 161 Ga. 793, 131 S. E. 902, 44 A. L. R. 1184; annotation, 44 A. L. R. 1188, 1190.)

The answer of Equitable, garnishee herein, shows that the value of the policy is not payable unless an appropriate written request for surrender is made by all parties in interest, and there is a physical surrender of the policy.

In 6 Am. Jur. 2d, Attachment and Garnishment, § 171, it is stated:

"Even though a life insurance policy has a cash surrender value which is available to the insured at his option, it is generally held that where the insured has not exercised his option to surrender the policy for its cash surrender value, a creditor of the insured cannot obtain such cash surrender value by attachment or garnishment. In such a case there is no fixed liability or existing indebtedness on the part of the insurer. There are some cases, however, in which a creditor of a life insured has succeeded in subjecting the surrender value of the policy to attachment or garnishment, even though the insured has not elected to surrender the policy." (pp. 682, 683.)

In 38 C. J. S., Garnishment, § 110c, the following is stated:

". . . On the other hand, there is authority that the cash surrender value of a policy is not subject to garnishment, unless all of the terms on which payment of the surrender value is conditioned have been met, including conditions to be performed by insured, such as default in payment of the premiums, surrender of the policy, and demand for payment of the surrender value. . . ." [This is the general rule in the United States, citing Connecticut, Georgia, Illinois, Michigan, Pennsylvania, Texas and Florida cases.] (p. 318.)

The appellant relies upon a Missouri case, *Industrial Loan & Inv. Co. v. Mo. State Life Ins. Co.*, 222 Mo. App. 1228, 3 S. W. 2d 1046, as authority that the cash surrender value of a life insurance policy is property which may be garnished.

In a subsequent Missouri decision on facts analogous to those in the instant case in *Shawver v. Shawver*, 372 S. W. 2d 916 (Mo. 1963), the court explained and restricted the application of its former decision (cited above). The court in *Shawver* said:

In the annotation, 37 A. L. R. 2d 284, a Missouri case, Industrial Loan & Investment Co. v. Missouri State Life Ins. Co., 222 Mo. App. 1228, 3 S. W. 2d 1046, is cited as not in accord with the general rule, stating the view that cash surrender value could be attached and collected by a court-appointed receiver. However, when a policy gives the insured an option to take either

paid-up insurance or cash surrender value, we doubt the authority of a court to authorize the choice by anyone else. The opinion used the analogy of an assignment or a pledge but in such situations the insured has voluntarily transferred his rights. Furthermore, the court's views in that case were in the nature of dictum because the actual decision was that the sale of the insurance policy involved, under an execution, was void and the judgment of the trial court, denying plaintiff's right to recover its cash surrender value, was affirmed. . . ." (pp. 918, 919.)

In the *Shawver* case the Missouri Supreme Court held a former wife, who had possession of the insured's life insurance policy, was not entitled to the cash surrender value of the policy from an insurer-garnishee on the basis of a judgment obtained by the former wife against the insured, where surrender of the policy as required by its terms had not been made or tendered. The court said:

"It is our view that the option was not exercised in this case, so as to make the cash surrender value subject to garnishment, because there had not been compliance with the provisions of the policy which required 'legal surrender' of the policy by 'submission . . . to the Home Office' as well as a 'proper written application.' No tender of the policy was made by defendant at anytime before he withdrew his application or even by plaintiff after inquiry was made of her where the policy was. . . ." (p. 919.)

For the reasons heretofore stated, we hold the cash surrender value of an ordinary life insurance policy cannot be reached by a creditor of the insured by garnishment proceedings.

The judgment of the lower court is affirmed.