(749 P.2d 505)

No. 59,596

CITY OF ARKANSAS CITY, KANSAS, *et al.*, *Appellees*, v. A. SCOTT
ANDERSON and E. SYLVIA ANDERSON, *et al.*, *Appellants*.

Petition for review denied April 1, 1988.

Opinion filed
January 29, 1988.

*Paul Hasty, Jr.*, and *Thomas D. Billam*, of Wallace, Saunders, Austin, Brown
& Enochs, Chartered, of Overland Park, for the appellants.

*Kenneth C. Jones, Thomas E. Ruzicka,* and *Dwight D. Sutherland, Jr.,* of Watson, Ess, Marshall & Enggas, of Olathe, for the appellees.

Before BRISCOE, P.J., ROBERT L. GERNON, District Judge, assigned, and THOMAS W. REGAN, District Judge, assigned.

GERNON, J.: A. Scott Anderson and E. Sylvia Anderson appeal the post-judgment procedure used by plaintiffs, City of Arkansas City and Southwest National Bank of Wichita, in an effort to satisfy a judgment of $2,604,029.40 entered against the Andersons by default on July 6, 1984. The amount of the judgment or its validity is not in question. The Andersons appeal from the orders of the district court confirming (1) the sale of their interest in a contract for deed in which they were vendors; and (2) the sale of their interest in certain partnerships.

On February 6, 1986, a writ of special execution was issued by the Clerk of the District Court of Cowley County to the Wilson County Sheriff commanding the sheriff to attach "the following described property consisting of a contract for deed with Rick Cunningham." The writ described the interest as real property and ordered the sheriff to post the writ at the residence if no one resided there. The writ further stated:

"If the property sought to be attached by you is in the hands of some person other than the Defendants, you shall serve a copy of this order on such third-party and declare to such party that you attach the same and that such third-party is made a garnishee . . . ."

It is uncontroverted that the writ instructed the sheriff to attach "property consisting of a contract for deed." An order of sale was filed March 28, 1986, ordering the sale of the contract for deed. The sheriff's sale was conducted on April 22, 1986. The district court confirmed the sale on May 12, 1986.

Charging orders were issued on November 27, 1985, against the Andersons' interests in certain partnerships. On February 24, 1986, the plaintiffs filed a motion to sell the interests of the Andersons which were the subject of the charging orders. The Andersons made no appearance at the hearing on the motion and an order to sell was entered on March 4, 1986. The interests in three of the partnerships were sold on April 22, 1986, and the sale was confirmed on May 21, 1986. A second charging order

was entered on February 7, 1986, against the Andersons' interest in a fourth partnership, Tomahawk Development. This interest was ordered sold on March 4, 1986, and was sold on May 22, 1986. The court confirmed this sale by journal entry filed June 13, 1986.

On appeal, the Andersons contend the district court erred in confirming both the sale of the contract for deed and the sale of the partnership interests. Although the Andersons raise several arguments in support of this contention, we need only address (1) whether plaintiffs can sell an interest in a contract for deed and interests in partnerships and, (2) if so, whether plaintiffs complied with Kansas law when they attached and sold these interests.

## Contract for Deed

As regards the sale of the Andersons' interest in the contract for deed, the writ of special execution described the interest as a "contract for deed with Rick Cunningham." The record does not indicate that either the documents evidencing the contract for deed or the underlying deed was ever in the physical possession of the sheriff. The sheriff's return stated only that the writ was personally served. The order of sale filed March 28, 1986, ordered the Cowley County Sheriff to advertise and sell, according to law, "the Contract for Deed" in which "Defendants, A. Scott Anderson and E. Sylvia Anderson, own a fifty percent (50%) interest." The Cowley County Sheriff then purportedly sold property attached by the Wilson County Sheriff, although the record further reveals the only property "attached" resulted from the Wilson County Sheriff leaving an order with the buyer under the contract for deed, Rick Cunningham.

Kansas law states that any nonexempt property of a judgment debtor can be sold in satisfaction of a judgment. K.S.A. 60-2401 and 60-2406. *Jackson & Scherer, Inc. v. Washburn*, 209 Kan. 321, 326, 496 P.2d 1358 (1972).

"A general execution is a direction to an officer to seize any nonexempt property of a judgment debtor and cause it to be sold in satisfaction of the judgment. A special execution or order of sale is a direction to an officer to effect some action with regard to specified property as the court determines necessary in adjudicating the rights of parties to an action." K.S.A. 60-2401(a).

"The interest of a judgment debtor in property, either real or personal, may be

levied upon and sold on execution subject to liens or encumbrances already existing. If the holder of a lien or other security interest in tangible personal property asserts a right of possession thereto and does not consent to an execution sale subject to his or her interest, the sale shall not be completed unless for an amount in excess of such senior interest as determined by the court, and in such event the property shall be delivered by the officer to the lienholder entitled to the same. If the sale is completed, the net proceeds thereof shall be applied to the satisfaction of the senior interest in full and the balance applied to the judgment debt." K.S.A. 60-2406.

Is a vendor's interest under a contract for deed subject to levy by special execution and, if so, may a creditor of the vendor attach the entire stream of payments which will flow to the vendor under the contract through *one* execution? Other jurisdictions have held that a vendor's interest under a contract for deed is subject to levy by execution (92 C.J.S., Vendor and Purchaser § 308; *Ohio Casualty Ins. Co. v. Holz & Holz, Inc.*, 24 Wisc. 2d 587, 129 N.W. 2d 330 [1964]), but we find no Kansas cases to support this proposition. The Kansas cases cited by plaintiffs (*Jackson & Scherer, Inc. v. Washburn*, 209 Kan. 321; *Thompson v. Zurich State Bank*, 124 Kan. 425, 260 Pac. 658 [1927]; *Poole v. French*, 71 Kan. 391, 80 Pac. 997 [1905],) all involve execution upon real estate to attach a judgment debtor's equitable interest in the real estate. Here, as will be further addressed, plaintiffs contend they were not executing upon real estate and, although references were made to real estate in documents filed by plaintiffs, we conclude plaintiffs were not executing upon real estate.

In order to determine whether plaintiffs followed the proper procedures in the execution and sale of the Andersons' interest as vendors under a contract for deed, we will first determine what type of property interest plaintiffs were attempting to attach. The Andersons contend plaintiffs improperly attached an interest in real property, relying in part upon plaintiffs' inclusion of the legal description of the real estate subject to the contract for deed in both the writ of special execution and the order of sale. The Andersons note the writ of special execution filed in Cowley County, where the judgment was entered, commanded the Wilson County Sheriff to attach "the following described property consisting of a contract for deed with Rick Cunningham," followed by a legal description of the real estate

subject to the contract for deed, which was located in Wilson County. Other procedures for the attachment of real estate were also followed.

Plaintiffs argue the contractual right to payment of a vendor under a contract for deed for sale of land is personalty and the inclusion of a legal description does not change the nature of the property to be attached. Although there are no Kansas cases deciding the issue, there are cases from other jurisdictions supporting plaintiffs' position that a vendor's interest in a land contract is personalty. See *Matter of Jones*, 768 F.2d 923, 928 (7th Cir. 1985). In addition, the Kansas Comment to K.S.A. 84-9-106 describes a "vendor's interest in an installment land contract" as a general intangible. Accordingly, we conclude the property interest that plaintiffs attempted to attach was intangible personal property.

It is a general rule at common law that a writ of execution may not be levied against a mere contractual right or chose in action. 30 Am. Jur. 2d, Executions § 136. Although there is some authority for the rule that a judgment may under certain circumstances attach to property not subject to execution because of its intangible or incorporeal nature, the general rule is that a judgment lien or execution does not attach to intangible property until such property is subject to levy. 46 Am. Jur. 2d, Judgments § 252. In *National Surety Corporation v. Gillette*, 194 Kan. 604, 400 P.2d 681 (1965), our Supreme Court applied these general rules when it held a judgment creditor could not garnish the cash surrender value of the debtor's life insurance policy. The court recognized that the payout of the cash surrender value of the insurance policy was controlled by the contract between the insured and the insurance company. Until such time as the insured exercised his option to surrender the policy for its cash surrender value, the cash surrender value was not subject to levy. Like the cash surrender value in *Gillette,* in the present case the vendor's interest under a contract for deed, *i.e.,* the payments due from the vendee for the duration of the contract, is controlled by the contract between the vendor and the vendee and is not subject to levy until the payments are due. Once the payments come due, they are then subject to garnishment.

The Andersons acknowledge, and we agree, that plaintiffs had

the right to garnish payments owed to the Andersons under the contract for deed as those payments came due. The plaintiffs' other option was execution on the real estate owned by the Andersons, subject to any prior liens including vendee's (Cunningham's) equitable interest arising from payments made under the contract for deed. See *Goodman v. Smith*, 177 Kan. 712, 281 P.2d 1094 (1955). Rather than garnish each payment as it came due on the contract or execute upon the underlying real estate, plaintiffs treated the Andersons' interest in the contract for deed as personal property and executed upon it. In attempting to apply the procedures applicable to an execution upon personal property, plaintiffs either failed to comply with the procedures or, by attempting to comply, emphasized the potential for confusion when these procedures are applied to a sale of an interest in a contract for deed.

The attachment of personal property is governed by K.S.A. 60-706(b)(2), which provides in part:

"In attaching personal property, the officer and two disinterested appraisers who are residents of the county shall make a true inventory and appraisal of the same under oath and said inventory and appraisal shall be signed by the officer and the appraisers and returned with the order."

The Comment to 1 Gard's Kansas C. Civ. Proc. 2d Annot. § 60-706(b) (1979), contains the following rationale for the provision:

"The purpose of the inventory is to give the sheriff the protection of a record subscribed by disinterested witnesses identifying the property taken into his possession, or otherwise attached, and for which he is responsible. The purpose of the appraisement is to give him a record of evidence of value to enable him to determine how much property he should hold to satisfy the plaintiff's claim, and to give him some protection as to value if he is subsequently called upon to respond in damages for a wrongful levy."

No inventory or appraisal was made in the present case.

Pursuant to K.S.A. 60-2409, if personal property is sold, notice by publication in an appropriate newspaper at least once each week for two consecutive weeks before the date of sale is required. In the present case, the legal notice stated the sheriff's sale was for "a contract for deed," followed by a legal description of the property covered by the deed, a statement that the Andersons owned a 50 percent interest in the contract, and the names of prior mortgagees. References to the legal description and prior

mortgagees could lead to confusion among potential buyers as to what was really being sold.

The Andersons question the authority of the Cowley County Sheriff to sell property which had been "seized" by the Wilson County Sheriff and which he did not have in his possession or had not attached. The plaintiffs, and therefore the involved sheriffs, appear in this instance to have been proceeding under K.S.A. 1987 Supp. 60-2410(b), which states in part that "sales of lands or tenements under execution shall be held at the courthouse located in the county seat of the county in which the judgment was rendered." This is further evidence that plaintiffs considered the sale of the Andersons' interest in the contract to be real property. If so, the Andersons would be entitled to the right of redemption under K.S.A. 60-2414.

Conversely, if the property to be levied upon was personal property, K.S.A. 60-2409 requires:

"The officer who levies upon personal property, shall, before said officer proceeds to sell the same, cause public notice to be given of the time and place of sale, for at least ten (10) days before the day of sale."

Here, the officer who levied upon the property described in the writ of special execution was the Wilson County Deputy Sheriff. The officer who placed the advertisements and notices of sale was the Cowley County Sheriff. The record is silent as to what "property" was seized or whether the property purportedly attached by the Wilson County Sheriff was ever delivered to the possession of the Cowley County Sheriff.

We conclude that, under these facts and circumstances, the Cowley County Sheriff did not have possession of, or execute against, any interest in property which he could validly and properly advertise, notice, and sell. Therefore, the resulting sale was a nullity and the district court erred in confirming it. The proper procedure for plaintiffs to follow was either garnishment of the payments from the vendee under the contract for sale as the payments came due or execution upon the underlying real estate subject to prior liens including the vendee's equitable interest.

### Partnership Interests

We next address the plaintiffs' attachment and sale of the

Andersons' interest in four partnerships. The district court issued charging orders pursuant to K.S.A. 56-328(a), which provides:

"On due application to a competent court by any judgment creditor of a partner, the court which entered the judgment, order, or decree, or any other court, may charge the interest of the debtor partner with payment of the unsatisfied amount of such judgment debt with interest thereon; and may then or later appoint a receiver of his or her share of the profits, and of any other money due or to fall due to him or her in respect of the partnership, and make all other orders, directions, accounts and inquiries which the debtor partner may have made, or which the circumstances of the case may require."

The question in the present case is whether Kansas statutes allow the sale of a partnership interest on the basis of a charging order only. K.S.A. 56-328(b) states:

"The interest charged may be redeemed at any time before foreclosure, or in case of a sale being directed by the court may be purchased without thereby causing a dissolution:

"(1) With separate property, by any one or more of the partners; or

"(2) With partnership property, by any one or more of the partners with the consent of all the partners whose interests are not so charged or sold."

Crane and Bromberg on Partnership § 43, pp. 248-49 (1968), states:

"While the charge is in effect, the partner presumably continues to be a partner in all respects except distributions and withdrawals from the firm. And the charging creditor is not the owner of the interest. He may become so by foreclosing. . . . The advantage to a charging creditor in foreclosing and buying is that he becomes the owner of the interest, gaining psychological leverage as well as the improved position of an owner over a lienor. Moreover, he then acquires the right to dissolve the firm if it is one at will. If he presses this far, he will be able to get his hands on partnership assets: whatever share would have come to his debtor after payment of all partnership creditors and claims of co-partners. It is a roundabout route to partnership assets, and one which may yield little or nothing.

"The other partners may not like a partner's individual creditor breathing down their necks, and are authorized to dissolve the firm, or to redeem the charged interest (before foreclosure). If they dissolve, they must account to the charging creditor for the debtor partner's interest. If they want to redeem, there is no express statutory procedure for determining the price at which they can do so. . . . The court probably has general authority in such a case to value the interest and permit redemption at the value."

K.S.A. 56-324 states:

"The property rights of a partner are (1) the partner's rights in specific

partnership property, (2) his or her interest in the partnership, and (3) his or her right to participate in the management."

### K.S.A. 56-326 states:

"A partner's interest in the partnership is his or her share of the profits and surplus, and the same is personal property."

### K.S.A. 56-327(a) states:

"A conveyance by a partner of his or her interest in the partnership does not of itself dissolve the partnership, nor, as against the other partners in the absence of agreement, entitle the assignee, during the continuance of the partnership, to interfere in the management or administration of the partnership business or affairs, or to require any information or account of partnership transactions, or to inspect the partnership books; but it merely entitles the assignee to receive in accordance with his or her contract the profits to which the assigning partner would otherwise be entitled."

Read together, we conclude the statutory scheme under the Uniform Partnership Act allows a partner to convey or assign his or her right to profits or proceeds and still participate in the management of the partnership. K.S.A. 56-328 clearly allows a partner's interest to be "charged" so that the partnership would be required to pay the profits and proceeds directly to a judgment creditor rather than to the debtor partner. Just as the plaintiffs could garnish the payments to be made to the Andersons under the contract of sale, the plaintiffs were entitled under the charging order to certain accountings and the opportunity to step into the shoes of the debtor partner so far as distributions and withdrawal of the partnership funds were concerned.

The methods employed by plaintiffs to satisfy the judgment herein appear to have been designed to eliminate what we conclude to be necessary due process rights and statutory procedures. We therefore conclude the sale of a partnership interest pursuant to a charging order and without following the foreclosure proceedings is not contemplated by the statutes or case law. The district court erred in confirming the sales of the Andersons' partnership interests.

Reversed and remanded.