(832 P.2d 1206)
No. 67,456

EDWARD N. CURIEL, *Plaintiff/Appellant,* v. JEANICE C. QUINN, *Defendant,* and KIRBY QUINN, *Garnishee/Defendant/Appellee.*

Opinion filed June 5, 1992.

*E. Dexter Galloway,* of Hutchinson, for appellant.

*Stanley R. Juhnke,* of Hutchinson, for appellee.

Before BRAZIL, P.J., ELLIOTT and PIERRON, JJ.

BRAZIL, J.: In a garnishment action, Edward N. Curiel appeals the district court's order denying his motion for judgment against Kirby Quinn. The district court ruled the garnishment reached only money actually due from Kirby at the time the garnishee, Kirby, filed his answer of garnishment. Curiel contends the garnishment reaches beyond the monthly payments by Kirby to the total amount Kirby owed. We affirm.

The facts are undisputed. In August 1991, Curiel had a judgment against Jeanice Quinn for $2,750 plus $828.01 accrued interest. Jeanice, pursuant to a property settlement agreement in a divorce action, had a judgment against Kirby. At the time of the garnishment, the balance of the Quinn/Quinn judgment was

$9,132.26 with interest at the rate of seven percent and payable at the rate of $500 per month. Kirby had the right of unlimited prepayment.

Curiel served a garnishment on Kirby. Kirby filed an answer of garnishment that stated: "I hold money or am indebted to [Jeanice Quinn] . . . as of the date of this answer, in the following manner and amounts, $500 per month pursuant to property settlement agreement." The district court ordered Kirby (garnishee) to pay to the clerk of the court $500 per month until Curiel's judgment against Jeanice was satisfied.

At some point after Kirby's initial answer to garnishment was filed, Jeanice and Kirby settled the outstanding judgment in the divorce action, and Jeanice signed a release of satisfaction. A check dated that same day, payable to Jeanice in the amount of $8,000, was delivered to Kirby's attorney.

Kirby filed a motion to set aside the order requiring him to pay the sum of $500 per month pursuant to his answer of garnishment. Kirby contended he owed only $500 (one monthly installment) and, due to his settlement with Jeanice, no longer was required to "pay in." Curiel filed a motion seeking judgment against Kirby for $2,750 plus $279.99 interest and court costs. After a hearing, the court ruled only $500, the amount actually due when Kirby's answer of garnishment was filed, could be reached by garnishment.

Curiel contends that the court erred in setting aside the order requiring Kirby to pay to the clerk of the court $500 per month and that the court misapplied Kansas law regarding garnishment.

This issue, simply stated, is whether an obligation to be paid in monthly installments may be garnished as a whole or whether the installments must be individually garnished as they become due. Specifically, does the one garnishment apply only as to the one monthly payment that is due or does it continue to operate as to subsequent payments as they are made or come due? The court ruled as a matter of law that the garnishment reached only that amount that was then due. "This court's review of conclusions of law is unlimited." *Hutchinson Nat'l Bank & Tr. Co. v. Brown,* 12 Kan. App. 2d 673, 674, 753 P.2d 1299, *rev. denied* 243 Kan. 778 (1988).

In *City of Arkansas City v. Anderson*, 12 Kan. App. 2d 490, 749 P.2d 505, *rev. denied* 243 Kan. 777 (1988), the Andersons appealed from the district court's orders confirming the sale of their interest in a contract for deed in which they were vendors. The sale was to satisfy a judgment against the Andersons. This court specifically addressed the question of whether a creditor of the vendors (Andersons) can attach the entire stream of payments which will flow to the vendors under the contract through *one* execution. 12 Kan. App. 2d at 493. This court ruled:

"[T]he vendor's interest under a contract for deed, *i.e.*, the payments due from the vendee for the duration of the contract, is controlled by the contract between the vendor and the vendee and is not subject to levy until the payments are due. Once the payments come due, they are then subject to garnishment." 12 Kan. App. 2d at 494.

Likewise, in the present case, the payments due from Kirby to Jeanice are controlled by the decree of divorce. That document specifically reserved to Kirby the right of unlimited prepayment. Kirby and Jeanice's agreement, the "Release Of Satisfaction," simply implements Kirby's right of unlimited prepayment. See also *National Surety Corporation v. Gillette*, 194 Kan. 604, 606-07, 400 P.2d 681 (1965) (A judgment creditor may not garnish the cash surrender value of a debtor's life insurance policy. The payout of the cash surrender value of the insurance policy is controlled by the contract between the insured and the insurance company. Until the insured exercises his option to surrender the policy for its cash value, that value is not subject to levy.).

Curiel contends the reference to garnishment in *Anderson* is mere dicta and that the holding concerned only the plaintiff's execution procedures. We disagree. The court clearly held that payments due from a vendee are subject to garnishment only when they come due. 12 Kan. App. 2d at 494. In the present case, Kirby's payments were due monthly. Kirby also had the right of unlimited prepayment. As in *Anderson*, the garnishment reached only that payment that was then due.

This was a limited action under Chapter 61 of the Kansas Statutes Annotated. The order of garnishment was issued pursuant to K.S.A. 1991 Supp. 61-2005(c), which states that an order of garnishment has the effect of attaching all such personal property of the defendant in the possession or control of the garnishee

and all such credits and indebtedness due from the garnishee to the defendant at the time of service of the order. Further, such credits and indebtedness becoming due to the defendant between the time of the serving of the order of garnishment and signing of the answer of the garnishee are also attached.

The equivalent garnishment statute in a Chapter 60 action is K.S.A. 1991 Supp. 60-717(c). The legislative history of 60-717 and other garnishment statutes was considered in *Washburn v. Andrew*, 209 Kan. 436, 496 P.2d 1367 (1972). In *Washburn*, as in the present case, the issue involved unmatured liability of a debtor.

"Appellant's argument is based upon the premise that an unmatured and contingent liability is subject to garnishment under our present Kansas law. There can be little doubt that under prior law the premise was sound. See *Lewis v. Barnett*, 139 Kan. 821, 825, 33 P.2d 331, 93 A.L.R. 1082; *Anderson v. Dugger*, 130 Kan. 153, 285 Pac. 546; and *Winterscheidt v. Wilson*, 110 Kan. 649, 205 Pac. 600. Statutes in effect when those cases were decided provided that a garnishee was liable to the plaintiff 'to the amount . . . of all debts *due or to become due* to the defendant, except such as may be by law exempt from execution.' (See R. S. 1923 and G. S. 1949, 60-954.) R. S. 1923, 60-946 (*First*), which later became G. S. 1949, 60-946, required a garnishee to answer 'whether he was . . . indebted or under liability to the defendant named in the notice in any manner . . . specifying, if indebted, . . . when payable, whether an absolute or contingent liability. . . .' R. S. 1923, 60-955, which later became G. S. 1949, 60-955, provided that 'judgment may be given for any money or other thing owing, although it has not become payable, in which case the garnishee shall not be required to pay or deliver it before the time appointed by the contract.' (See the last paragraph of said statute.) These statutes supported the holding in those cases which held an unmatured and contingent liability was subject to garnishment.

"However, on January 1, 1964, when the present Code of Civil Procedure went into effect, marked statutory changes appeared in our garnishment law. K.S.A. 60-717 (c) later amended as K.S.A. 1969 Supp. 60-717 (c) in relevant part provides:

" 'The order of garnishment shall have the effect of attaching (1) . . . all credits and indebtedness *due* from the garnishee to the defendant *at the time of service of the order, and* (2) . . . all credits and indebtedness *becoming due* to the defendant *between the time of the serving of the order of garnishment and the time of the filing of the answer* of the garnishee.' (Emphasis added.)

"Under the above statute any indebtedness becoming due after the time of filing the answer of the garnishee, by negative implication at least, is not to be reached by the order of garnishment.

"Significantly the requirement of the former statute, 60-946, that the garnishee specify indebtedness whether absolute or contingent, was deleted from K.S.A. 60-717 (a) and K.S.A. 1969 Supp. 60-717 (a). Equally notable is the fact that the provision which protected the garnishee from being required to pay unmatured amounts under a contract before they came due (G. S. 1961 Supp. 60-955) was entirely deleted when the present statute (K.S.A. 60-724) was enacted. Likewise the provision in G. S. 1949, 60-954, which held the garnishee liable for all debts due or to become due to the defendant was deleted.

"Considering the foregoing changes in the law it appears clear to us that under the present Code of Civil Procedure an order of garnishment will not reach credits or indebtedness which remain unmatured and contingent when the garnishee's answer is filed. The effect of an order of garnishment is to attach those credits and indebtedness due from the garnishee to the defendant at the time of service of the order and those becoming due between the time of serving the order of garnishment and the time of filing the answer of the garnishee. (K.S.A. 60-717 [c] as amended.)" 209 Kan. at 438-39.

All of these statutory changes had occurred on or before 1969, when 61-2005 was enacted.

In *Harpster v. Reynolds*, 215 Kan. 327, 330, 524 P.2d 212 (1974), the court held:

"[I]n garnishment proceedings the creditor takes the place and stands in the shoes of his debtor, taking only what the latter could enforce. (*Gilley v. Farmer*, 207 Kan. 536, 485 P.2d 1284.) In *Investment Co. v. Jones*, 2 Kan. App. 2d 638, [42 Pac. 935 (1895),] the rule is stated as follows:

'Proceedings in garnishment do not change the legal relations and rights existing between the defendant and the garnishee, nor place the plaintiff in a more favorable position for the enforcement of a claim against the garnishee than would be the defendant in an action brought by him for the same cause; nor can any one be held in such proceedings to the payment of a liability which the defendant could not himself enforce because of existing equities and set-offs.' Further support for the rule is found in *Septer v. Boyles*, 149 Kan. 240, 86 P.2d 505."

Finally, Curiel has filed a motion with this court to assess costs and attorney fees against Kirby. He failed to raise this issue before the district court. Curiel could have moved the district court to reexamine its decision in light of the contentions he now seeks to raise. "A point not raised before or presented to the trial court cannot be raised for the first time on appeal." *Kansas Dept. of Revenue v. Coca Cola Co.*, 240 Kan. 548, 552, 731 P.2d 273 (1987).

Affirmed.