No. 116,921

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MAINLAND INVESTMENT GROUP, LLC,
d/b/a TEXACO FOOD MART,
*Appellee*,

v.

TONYA SMITH a/k/a TONYA M. SMITH,
*Defendant*,

and

DIVERSICARE OF SEDGWICK,
*Appellant*.

SYLLABUS BY THE COURT

A default judgment obtained pursuant to K.S.A. 61-3514 requires that at the time the default judgment is entered, a valid order of garnishment is in effect and the garnishee against whom the default judgment is directed has not been released pursuant to K.S.A. 2016 Supp. 61-3507(a).

Appeal from Lyon District Court; DOUGLAS P. JONES, judge. Opinion filed August 4, 2017. Reversed and judgment vacated.

*Jeffrey T. Donoho* and *Roger W. Slead*, of Horn Aylward & Bandy, LLC, of Kansas City, Missouri, for appellant.

*Wm. Scott Hesse*, of Newman, Hesse & Associates, P.A., of Topeka, for appellee.

Before ARNOLD-BURGER, C.J., STANDRIDGE and SCHROEDER, JJ.

1

ARNOLD-BURGER, C.J.:  Mainland Investment Group (Mainland) obtained a default judgment against Tonya Smith. After failing to collect on its judgment, Mainland obtained an order of garnishment. Mainland then served this order on Smith's alleged employer, Diversicare of Sedgwick (Diversicare)—the garnishee. Diversicare failed to timely answer the order of garnishment, and Mainland filed a motion for judgment against Diversicare as provided under K.S.A. 61-3514. But before a final decision was made on the motion, Mainland released Diversicare from the order of garnishment. Despite this, the district court imposed the penalties provided in K.S.A. 61-3514 for failing to answer, including costs and attorney fees. Because we find that the district court lacked jurisdiction to enter default judgment and assess fees when the order of garnishment had been released, we reverse and vacate the judgment against Diversicare.

FACTUAL AND PROCEDURAL HISTORY

In 2005, Mainland filed a petition against Smith regarding a worthless check in the amount of $51.13 that Smith wrote to Texaco Food Mart in 2002. Smith did not respond to this petition, and in 2006, Mainland obtained a default judgment from the district court in the amount of $490.52.

For nearly 10 years, Mainland failed to collect the judgment amount from Smith and, apparently, could not locate her. Finally, in late 2015, Mainland requested—and the district court issued—an order of garnishment for the unpaid judgment amount of $1,159. Mainland served Smith's alleged employer, Diversicare, with the garnishment order via first class mail on December 16, 2015. Diversicare failed to answer the order of garnishment, and, on May 25, 2016, Mainland filed a motion for judgment against Diversicare for failure to comply with K.S.A. 2015 Supp. 61-3510. Mainland served Diversicare with notice of the motion hearing scheduled for July 11, 2016.

2

Diversicare filed a response to Mainland's motion for judgment against garnishee and appeared at the hearing. In its response, Diversicare asserted that it had never received the order of garnishment and stated that Smith never worked for the company. The district court continued the motion hearing to August 15, 2016.

Later, on August 1, 2016, Diversicare filed a motion to file an out-of-time answer to the order of garnishment. In that motion, Diversicare argued it had excusably neglected to timely answer the order of garnishment and reiterated that it never employed Smith.

On August 8, 2016, Mainland filed a release of garnishment with the district court in which it released Diversicare from the order of garnishment. Importantly, the register of actions for August 8, 2016, indicated the hearing scheduled for August 15 was cancelled. Counsel for Diversicare sent a letter to the district magistrate judge advising him of the release of the garnishment and stating Diversicare's position that all motions were moot. Diversicare also indicated, apparently because of the release, that Diversicare would not appear on August 15. A copy was sent to counsel for Mainland. However, counsel for Mainland appeared before the district court on August 15 and, citing Diversicare's absence from the hearing, moved for a default judgment against Diversicare. The district court initially noted the case "wasn't on the docket" but granted Mainland's motion for default judgment. Curiously, the district magistrate judge also signed a journal entry prepared by Mainland's counsel, finding that on April 15 Diversicare's motion to file an answer out of time was moot because Mainland had "released the garnishment pursuant to K.S.A. 61-3507(a)."

Thereafter, Diversicare filed a motion to set aside the district court's entry of default judgment and renewed its motion for leave to file its answer out of time. The district court set a hearing on both motions.

3

At the hearing, the district court agreed to set aside its August 15 entry of default judgment and focus exclusively on whether Diversicare could file its answer out of time. Ultimately, the district court ruled Diversicare could not file its answer out of time and thus had violated K.S.A. 61-3514. As a consequence, the court ordered Diversicare to pay $1,189.40, plus postjudgment interest, costs of the motion, and attorney fees to Mainland.

Diversicare timely filed this appeal.

ANALYSIS

Before we begin our analysis of the issues presented in this case, a general overview of the statutory garnishment procedure is in order.

*We review the garnishment statutes, generally.*

When a judgment is obtained, a judgment creditor may seek an order of garnishment to aid in collection of the judgment. K.S.A. 2016 Supp. 61-3504(a). As it applies to this case, such an order allows the judgment creditor to seize wages of the judgment debtor from his or her employer—the garnishee—to satisfy the judgment. K.S.A. 61-3502. Garnishment is an entirely statutory remedy. To initiate the process, the judgment creditor files a request with the court to issue an order of garnishment. K.S.A. 2016 Supp. 61-3504(b). The order of garnishment is then served on the garnishee along with a form for the garnishee's answer. K.S.A. 2016 Supp. 61-3507(a). Service of the order of garnishment on garnishees within this state may be by regular first class mail, fax, or electronic mail. K.S.A. 2016 Supp. 61-3003(g). If by first class mail, it is deemed complete when properly addressed and placed in the mail with proper postage. Service is considered obtained if it is not returned as undeliverable. K.S.A. 2016 Supp. 61-3003(g)(1). The judgment creditor is also required to notify the judgment debtor of the order of garnishment so that the judgment debtor may assert any claims of exemption to

4

which he or she is entitled. K.S.A. 2016 Supp. 61-3508. If the judgment creditor is notified by the garnishee that the judgment debtor has never been employed by the garnishee or has been terminated, the judgment creditor is required to "forthwith" file a release of the garnishment. K.S.A. 2016 Supp. 61-3507(a). The order of garnishment remains in effect until the judgment is paid or the garnishment is released, whichever is sooner. K.S.A. 2016 Supp. 61-3507(b).

The garnishee has 14 days to send its completed answer to the judgment creditor and the judgment debtor. K.S.A. 2016 Supp. 61-3510(a). If the garnishee fails to answer the order of garnishment within the time and manner specified in the initial order of garnishment, the judgment creditor may file "a motion." K.S.A. 61-3514. "At the hearing on the motion, the court may grant judgment against the garnishee for the amount of the judgment creditor's judgment . . . and for the expenses and attorney fees of the judgment creditor." K.S.A. 61-3514. Notably, Kansas courts have found "a judgment against a garnishee for failure to answer a garnishment order is a default judgment." *Southwestern Bell Yellow Pages, Inc. v. Beadle*, 40 Kan. App. 2d 989, 994, 197 P.3d 896 (2008).

*We examine our standard of review and rules of statutory construction.*

On appeal, Diversicare contends the district court erred "in its interpretation of the Kansas garnishment statutes in finding that the release of the Order of Garnishment pertaining to Diversicare did not absolve Diversicare of any further liability." Resolution of this dispute requires this court to interpret K.S.A. 61-3514 (provision allowing default judgment against nonanswering garnishee) as it relates to K.S.A. 2016 Supp. 61-3507(a) (requiring release of order of garnishment if garnishee notifies judgment creditor that judgment debtor is not employed by garnishee). Interpretation of a statute is a question of law over which appellate courts exercise unlimited review. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015).

5

The most fundamental rule of statutory construction is that the intent of the legislature governs. *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 659, 367 P.3d 282 (2016). When construing a statute, an appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016). When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language and should refrain from reading something into the statute that is not readily found in its words. Where there is no ambiguity, the court need not resort to statutory construction. 304 Kan. at 409.

When construing statutes to determine legislative intent, appellate courts must consider various provisions of an act *in pari materia* with a view of reconciling and bringing the provisions into workable harmony if possible. *Friends of Bethany Place v. City of Topeka*, 297 Kan. 1112, 1123, 307 P.3d 1255 (2013). Moreover, we must construe statutes to avoid unreasonable or absurd results. *In re Marriage of Traster*, 301 Kan. 88, 98, 339 P.3d 778 (2014).

With the statute and the rules of statutory construction in mind, we turn next to the interpretation of and the application of the garnishment statutes to the issues raised in this case.

*A garnishee is subject to K.S.A. 61-3514 only if it has not been released from the garnishment order.*

There is no dispute that Diversicare failed to answer the order of garnishment. There is also no dispute that prior to the entry of a default judgment against Diversicare for such failure, Mainland released it from the order of garnishment.

6

In asserting that the district court could still order a default judgment under the provisions of K.S.A. 61-3514 Mainland argued:

"[The] motion was for a judgment against the garnishee, who never answered our garnishment, and they have 14 days to answer. They didn't do it. They did file a motion to answer out of time. I looked at the document and they said that [Smith] didn't work there, so I have an obligation as well to release a garnishment, but still, that does not forgive the underlying motion that I have for judgment because they didn't answer [the order] within 14 days . . . ."

The district court agreed with this logic and ruled:

"I will grant the plaintiff's motion for judgment against the garnishee, [Diversicare]. I would agree with [Mainland] that simply the release of garnishment does not excuse the garnishee from answering . . . the motion as to why the judgment should [not be] granted against them pursuant to [K.S.A. 61-3514.]"

But the only document connecting Diversicare to the case, the order of garnishment, had been released. Accordingly, there was no order of garnishment related to Diversicare anymore. There was nothing upon which to enter default judgment against Diversicare.

We agree with Diversicare that the clear intent—as evidenced by its language—behind the requirement in K.S.A. 2016 Supp. 61-3507(a) requiring release of a garnishment upon a sworn statement from the garnishee is to absolve the garnishee from liability related to a judgment debtor it does not employ. In fact, the next section makes clear that the order of garnishment remains in effect until the judgment is paid *or the garnishment is released*, whichever is sooner. K.S.A. 2016 Supp. 61-3507(b). To allow a default judgment to be entered would make the garnishee liable for payment of a judgment entered against a person that it has sworn it does not employ, and perhaps has

7

never employed. This would place the judgment creditor in a better position than the judgment debtor, entitled to wages from the garnishee that he or she never earned. See *Curiel v. Quinn*, 17 Kan. App. 2d 125, 129, 832 P.2d 1206 (1992) (creditor stands in shoes of debtor and is not to be placed in more favorable position than debtor would have been for the enforcement of a claim against garnishee). We find the clear language of the garnishment statutes, when read *in pari materia*, support an interpretation that once a garnishee is released, the garnishee is discharged from any further liability in the action. See *Grant v. Reed*, 167 Kan. 289, 296, 205 P.2d 955 (1949) (garnishee previously released from a garnishment order discharged from further liability to creditor). In other words, a default judgment obtained pursuant to K.S.A. 61-3514 requires that at the time the default judgment is entered, a valid order of garnishment is in effect and the garnishee against whom the default judgment is directed has not been released pursuant to K.S.A. 2016 Supp. 61-3507.

Mainland argues that this interpretation "would emasculate the statutory scheme by allowing a garnishee to answer the Order of Garnishment at any time without any repercussions for failing to timely answer the garnishment." This is an overstatement. If the case has reached the point where a default judgment has already been properly entered against a garnishee, the garnishee would still be required to move to set aside the default judgment in any attempt to avoid liability. But under our statutory scheme, before a default is entered, the garnishee must be given notice of a hearing regarding its failure to comply with K.S.A. 61-3514. Defaults are not favored under the law, and this is yet another opportunity to notify the garnishee that liability may be forthcoming. See *Garcia v. Ball*, 303 Kan. 560, 568, 363 P.3d 399 (2015) (law dislikes default judgments). That second notice contemplated by the statute certainly had its intended effect here—giving the garnishee an opportunity to argue against a default, request to file an answer out of time and, more importantly, file a sworn statement that it did not employ the judgment debtor.

8

Accordingly, we find the district court erred in entering a default judgment and costs against Diversicare pursuant to K.S.A. 61-3514.

*Mainland's request for attorney fees is denied.*

After oral argument, Mainland filed a motion with this court for attorney fees on appeal pursuant to K.S.A. 61-3514 and Supreme Court Rule 7.07(b)(1) (2017 Kan. S. Ct. R. 50). Counsel for Mainland requests $41,000 in appellate attorney fees related to this Chapter 61 garnishment action over what was initially a $51 bad check written by Smith to Texaco Food Mart. Mainland was awarded $350 in attorney fees by the district court on the underlying case. Given that Mainland did not prevail in whole or in part on appeal, we deny Mainland's motion.

Reversed and judgment against Diversicare vacated.